No. 422
STATE ex TURNER v. BREMEN (Vil.)
No. 20093. Supreme Court
In Mandamus. Decided March 29, 1927.

747. MANDAMUS — A relator need not bring separate actions against the clerk, the council and the treasurer; in fact, in proceedings for a writ of mandamus the relator may join all officials having control of the legal machinery to effect that purpose, altho they act by separate successive steps.

677. JUDGMENT & DECREES.—There is a clear legal duty upon the various village officers to set machinery in motion and take necessary steps to procure money to pay a judgment levied against the village.

PER CURIAM.

A ruling has heretofore been made, 115 OS. 510 upon the demurrer filed to the original petition in mandamus herein. The Court ordered that the demurrer filed to the petition be sustained as to the first ground of demurrer appearing therein, namely, that there is a defect of parties defendant for the reason that under 5649-1c GC. the fiscal officer, in this instance the clerk of the village, is a necessary party to the action, and that under 2295-13 GC., the treasurer of the village is a necessary party to the action. It was also ordered and adjudged in that ruling that the demurrer filed to the petition herein be sustained as to the second ground of demurrer appearing therein, namely, that the petition does not state facts which show a cause of action in that there is no allegation in the petition that relator's judgment was ever certified to the council of the village by the fiscal officer, the clerk of said village, as required by 5649-1c GC.

Thereafter, upon leave being obtained, the relator filed an amended petition in which she joined the clerk and the treasurer of said village of Bremen as parties defendant, and alleged that the clerk has failed, neglected and refused to certify to the village council the amount of tax necessary to provide for the payment of the said final judgment, and still so fails and neglects and refuses. The prayer of the amended petition prays that "a writ of mandamus issue, commanding said defendant, E. J. Young, clerk to certify to said council the amount of tax necessary to provide for the payment of said judgment and that the defendants appropriate the money, to pay said judgment, if any there be in the treasury of said village, that can be used for that purpose, or that, if there is no fund in the treasury of said village, that can be appropriated and used in the payment of said judgment, that said officers be required to levy a proper and sufficient tax upon all the taxable property of said village to pay said judgment with the interest thereon or that said officers issue the bonds of the said village of that purpose - - - and that the said treasurer, Geo. W. Baldwin, place all moneys raised for said purpose in the judgment fund and disperse the same according to law."

To this amended petition the defendant has demurred upon the ground that it appears upon the face of the amended petition that there is a misjoinder of parties defendant; that separate causes of action against several defendants are improperly joined; that the amended petition does not state facts which show a cause of action against these defendants. The Supreme Court held:

1. Upon consideration of the record and briefs, it is ordered and adjudged that the demurrer filed to the amended petition be overruled as to the first two grounds of demurrer appearing therein, namely, that there is a misjoinder of parties defendant and that separate causes of action against several defendants are improperly joined.

2. This court having ordered a joinder of the new parties defendant, and having ordered a joinder of the causes of action against these new parties defendants, it has been heretofore ruled by this court that there is no misjoinder of parties and no improper joinder of separate causes of action in the petition as amended.

3. Since the relator in her amended petition has prayed that a writ of mandamus issue commanding the defendant the clerk of the village to certify to the council of the village the amount of tax necessary to provide for the payment fo said judgment, the petition no longer is demurrable upon the ground that it does not allege certification by the clerk.

4. When the clerk has certified the amount of tax necessary to provide for the payment of said judgment, the allegation necessary will have been supplied, and this petition prays for the relief necessary to secure that particular result. The fact that the clerk and treasurer have not as yet refused to act does not make them improper parties.

5. The relator could hardly be expected to bring separate actions against the clerk, the council and the treasurer; and, in fact in proceedings for a writ of mandamus the relator may join all officers having control of the legal machinery to effect that purpose although they act by separate and successive steps. Ryan v. Hoffman, 26 OS. 109; State ex Price v. Huwe et, 103 OS. 546.

6. Under 5649-1c and 2295-8 GC., and un the facts alleged in the amended petition, t' council of the village rests under a clear legal duty either to place the amount of the judgment in the annual levying ordinance resolution or other measure for the full amount certified, or to issue bonds in accordance with law in an amount not exceeding the amount of the judgment, and carrying interest not to exceed six per cent., for the purpose of providing funds with which to pay such final judgment.

7. The clerk of the village rests under a clear legal duty to certify to the council the amount of tax necessary to provide for the payment of this final judgment, and, also, if the subdivision is unable with due consideration of the best interests of the village to pay the final judgment, to certify that fact to the council.

8. The treasurer rests under a clear legal duty to receive and disburse the fund raised by taxation or bond issue, according to law.

Demurrer to amended petition overruled.

Marshall, CJ., Day, Allen, Kinkade, Robinson, Jones & Matthias, JJ., concur.

Attorneys—C. A. Radcliffe and M. A. Daugherty, Lancaster, for State; Phyle & McGonagle, McConnellsville and J. F. Thompson, Bremen, for Village.