By the Court.
 

 Two rulings have heretofore been made in this case. 115 Ohio St., 510, 154 N. E., 526, and 116 Ohio St., 294, 156 N. E., 134. The case was first presented to this court for its judgment upon a demurrer to the original petition in mandamus, upon the ground of defect of parties defendant, and that demurrer was sustained. Thereupon new parties were made, and thereupon a general demurrer ivas filed to the amended petition in mandamus, that demurrer being overruled.
 

 Separate answers having been filed by E. J. Young, as clerk of the village of Bremen, by George W. Baldwin, as treasurer of the village of Bremen, and by the council of the village of Bremen, the plaintiff filed her motion for judgment on the pleadings, upon the ground that none of the allegations of the amended petition are denied by any answer filed by any of the defendants, and upon the ground that none of the answers filed by any of the
 
 *187
 
 defendants raise or tender any issue of law or fact in the case.
 

 Considering the pleadings, we find that the separate answer of the clerk avers that the defendant, as the clerk of the village of Bremen, on the 16th day of April, 1927 (subsequent to the ruling of this court upon the demurrer to the amended petition), did, in compliance with the provisions of Section 5649-lc of the General Code, certify to the council of the village of Bremen the amount of tax necessary to provide for the payment of the judgment of Sarah H. Turner against the village of Bremen, being the same judgment referred to in the amended petition.
 

 The separate answer of the council of the village of Bremen states that there is no fund in the treasury of the village of Bremen that can be appropriated and used for the payment of relator’s judgment set out in the petition; that the judgment referred to in the amended petition was certified by the clerk of the village of Bremen to the council of the village on April 16, 1927; and that on said last-named date said clerk, acting under the provisions of Section 5649-lc of the General Code of Ohio, and in compliance therewith, certified to the council of the village of Bremen the amount of tax necessary to provide for the payment of relator’s judgment against said village of Bremen, referred to in the amended petition; and, further, that the defendants, as members of and composing the council of said village of Bremen, will, in compliance with the provisions of Section 5649-lc, General Code, place such amount of tax so certified by said clerk in the next annual tax levying
 
 *188
 
 ordinance, resolution, or measure of said village of Bremen, for the full amount certified.
 

 The treasurer in his separate answer avers that there is no fund in the treasury of the village of Bremen that can be appropriated and used in payment of relator’s judgment set out in the petition.
 

 No other averments or denials appear in any of the three separate answers. It is to be observed that neither the clerk nor the council averred that the defendant E. J. Young, clerk of the village of Bremen, has certified to the council of the village whether within the limit of its funds available under the statutes for the purpose the village is unable with due consideration of its best interests to pay the final judgment in question. Section 2295-8, G-eneral Code.
 

 These pleadings demonstrate that the material allegations of the amended petition at the date of the filing thereof were true. The averment made in two of the separate answers that the clerk of the village has now certified to the village council the judgment and the amount of tax necessary to provide for the payment of the judgment does not deny the allegation of the amended petition upon that point, for in effect it admits that upon the date of filing the amended petition, namely, January 7, 1927, and from that date down to April 16, 1927, subsequent to the ruling of this court upon the demurrer to the amended petition, the clerk had not made this certificate. Hence the separate answers tender no issue of law or fact in the case.
 

 Upon consideration of the record, it is therefore ordered and adjudged that the motion for judgment on the pleadings be granted, and that the relator
 
 *189
 
 is entitled to a peremptory writ. of mandamus as prayed for in her amended petition. Save and except for the fact that the clerk having certified the judgment to the council of the village, and having certified to the council the amount of tax necessary to provide for the payment of the judgment, it is not necessary to order the clerk to do these specific acts.
 

 It is therefore ordered and adjudged that a peremptory writ of mandamus issue, commanding the defendant E. J. Young, clerk of the village of Bremen,-if within the limits of its funds available under the statutes for this purpose the village is unable with due consideration of its best interests to pay the final judgment in question, to certify that fact to the village council of Bremen, and that a peremptory writ of mandamus issue, commanding the council to appropriate the money to pay such judgment, if any there be in the treasury of the said village available under the statutes for such purpose, or, if there is no such fund in the treasury that can be so appropriated and employed, to levy a proper and sufficient tax according to law upon all the taxable property of the said village to pay the said judgment with the interest thereon, or to enact the necessary legislation to issue bonds of the said village according to law in an amount' Hot exceeding the amount of the judgment, and carrying interest not to exceed 6 per cent., and to issue such bonds according to law, and that a writ of peremptory mandamus issue commanding the treasurer of the said village to receive the money collected from such tax or from such bond issue for
 
 *190
 
 the payment of said final judgment, and to disburse said fund in the manner provided by law. Motion for judgment on the pleadings, sustained.
 

 Writ allowed.
 

 MARKTTAT.T,, C. J., Day, Allen, Kinkade, Robinson and Matthias, JJ., concur.