Allen, J.
 

 The petition, in its material portions, reads as follows:
 

 “Your relator says that the city of Fostoria, Ohio, is a municipal corporation under the laws of the state of Ohio; that Fred O. Brumley, John H. Twining, Oscar Slosser, Newton C. Mohler, T. J. Enright, George M. Fink, and W. D. Zuber are the duly elected,
 
 *3
 
 qualified and acting members of tbe city council of the said city.
 

 “Your relator further says that there is now, and at all times hereinafter mentioned has been, a duly appointed, qualified and acting board of health of the said city.
 

 “Your relator further says that on August 31, 1926 the said board of health of the said city, acting under authority of the laws of Ohio, employed your relator Marguerite L. Binley as a public health nurse, and that she is now,- and ever since said date has been, regularly employed by the said board of health as such public health nurse. Your relator further says that at a regular meeting of the said board of health on October 27, 1927 the said board of health fixed the salary or compensation of said Marguerite L. Binley at one thousand eight hundred ($1800.00) dollars per year beginning with January 1, 1928 and that this action has not been modified or rescinded and is still in effect.
 

 “Your relator further says that the said Marguerite L. Binley is now, and at’ all times since the dates herein mentioned, has been regularly performing the said duties as such public health nurse, being solely employed in the performance thereof, and acting at all times under the instructions and directions of the board of health and the commissioner of health of the said city.
 

 “Your relator further says that said board of health shortly before January 1,1931 employed the said Marguerite L. Binley to serve as such public health nurse under the instructions and directions of the board of health and the commissioner of health of said city for and during the calendar year 1931 at the said salary of one thousand eight hundred ($1800.00) dollars per year; that the board of health thereby incurred an expense of one thousand eight hundred ($1800.00) dollars to be paid by the said city in semi-monthly
 
 *4
 
 installments of seventy-five ($75.00) dollars each on the first and fifteenth days of each calendar month during said year, certified to the council of the said city that such expense had been incurred, and made application to the council to pass the necessary appropriation ordinances to pay the expenses so incurred and certified.
 

 “Your relator further says that the council of the said city, and the members thereof, have refused, and now refuse, to pass the necessary appropriation ordinances to provide the money to pay the said salary of the said Marguerite L. Binley as such public health nurse, and by reason thereof the said Marguerite L. Binley has not been paid any portion of said salary for the year 1931. ’ ’
 

 The petition prays for damages for attorney’s fees incurred, and that a writ of mandamus issue against the city, against the council of the city, and the individual members thereof, requiring the council to pass the necessary appropriation ordinances and to appropriate the sum of $1800 to pay Miss Binley’s salary during the year 1931.
 

 The answer, after admitting certain formal facts, admits that the city council had made no appropria- , tion for the payment of the salary of any health nurse for the city of Fostoria for the year 1931, and denies every allegation in the petition except those which are expressly admitted to be true.
 

 The record shows in brief that the board of health of Fostoria, shortly before January 1, 1931, employed Miss Binley to serve as public health nurse for the year 1931 at a salary of $1800 a year. Miss Binley was the only public health nurse so employed. In 1930 the board of health delivered to the council of Fostoria an
 
 itemized
 
 list of its needs for the year 1931, and included in such items the sum of $1800 for Miss Binley’s salary. The council included thereafter in its budget, which was given to the budget commission,
 
 *5
 
 an item of $1800 for Miss Binley’s salary. However, in making up its estimate of the total amount that could be appropriated for the year 1931, while appropriations asked by the council were $119,317, the budget commission found that the amount that could be appropriated was only $100,264.92. The appropriations asked and made were as follows:
 

 Ashed Made
 

 General fund................. $5,758.00 $5,783.00
 

 Legal advertising............. 325.00 325.00
 

 Civil service commission....... 90.00 90.00
 

 Park ........................ 9,000.00 1,650.00
 

 Health ...................... 10,785.00 7,185.00
 

 Safety department
 

 A Police.................. 14,695.00 13,895.00
 

 B Fire ................... 16,965.00 15,965.00
 

 C Outdoor relief........... 850.00 645.00
 

 Service department........... 41,775.00 36,850.00
 

 Hospital ..................... 19,074.00 17,874.00
 

 The amount unappropriated was $2.92.
 

 In January, 1931, the council having made the cuts given above, passed the annual appropriation ordinance and omitted the item of salary for the public health nurse. It is not contended that the council acted in bad faith, and, indeed, under the figures above given, it could not be so contended, as the amount unappropriated of the sum that the budget commission certified could be appropriated was $2.92.
 

 This question arises under Sections 4408, 4411, 4411-1 and 4451, General Code, which read as follows:
 

 Section 4408. “In any city health district, the board of health or person or persons performing the duties of a board of health shall appoint for whole or pari time service a health commissioner and may appoint such public health nurses, clerks, physicians, and other persons as they deem necessary.”
 

 Section 4411. “The board may also appoint as
 
 *6
 
 many persons for sanitary duty'as in its opinion the public health and sanitary conditions of the corporation require, and such persons shall have general police powers and be known as sanitary police. The board may also appoint as many persons for public health nurse duty as in its opinion the public health and sanitary conditions of the corporation require, and such persons shall be registered nurses and shall be known as public health nurses; provided, however, that where registered nurses are not available the board may appoint other suitable persons as public health nurses.
 

 “The council may determine the maximum number of sanitary police and public health nurses so to be appointed.”
 

 Section 4411-1. “The board shall determine the duties and fix the salaries of its employees; but no member of the board of health shall be appointed as health officer or ward physician.”
 

 Section 4451. “When expenses are incurred by the board of health under the provisions of this chapter, upon application and certificate from such board, the council shall pass the necessary appropriation ordinances to pay the expenses so incurred and certified. The council may levy and set apart the necessary sum to pay such expenses and to carry into effect the provisions of this chapter. Such levy shall, however, be subject to the restrictions contained in this title.” Section 5625-20, which provides what may be included in the annual tax budget, Section 5625-24, relating to the adjustment of amounts required and revision of estimate, Section 5625-25, as to the certification of the action by the budget commission to the taxing authority, Section 5625-26, which provides what the certification shall show, and Sections. 5625-27, 5625-29, 5625-30 and 5625-33, are also involved, but because of their length they will not be quoted, with the exception of the following excerpts:
 

 Section 5625-26. “Before the end of the year, the
 
 *7
 
 taxing authority of each subdivision and other taxing unit shall revise its tax budget so that the total contemplated expenditures from any fund during the ensuing fiscal year will not exceed the total appropriations that may be made from such fund, as determined by the budget commission in its certification; and such revised budget shall be the basis of the annual appropriation measure.”
 

 Section 5625-30. “The total amount of appropriations from each fund shall not exceed the total of the estimated revenue available for expenditure therefrom as certified by the budget commission or in case of appeal by the tax commission of Ohio. No appropriation measure shall become effective until there be filed with the appropriating authority by the county auditor a certificate that the total appropriations from each fund taken together with all other outstanding appropriations, do not exceed such official estimate, and if amended the last amended official estimate, and in every case in which the appropriation does not exceed such official estimate, the county auditor shall give such certificate forthwith upon receiving from the appropriating authority a certified copy of the appropriation measure. Appropriations shall be made from each fund only for the purposes for which such fund is established.”
 

 It is conceded that the health board did appoint Miss Binley for public health duty. However, in order to bring the municipal appropriation for 1931 within the amount that could be legally appropriated under Sections 5625-26, 5625-30 and 5625-33, General Code, the council was compelled to cut expenditures, and hence omitted from its annual appropriation ordinance the item of salary for the public health nurse.
 

 We are now reviewing an application on behalf of Miss Binley for a writ of mandamus to compel the taxing authority of the city of Fostoria, subsequent to the passage of the annual appropriation ordinance,
 
 *8
 
 to pass an ordinance appropriating funds for an unliquidated claim. It is true that this extraordinary writ has in the past issued to compel the payment of a judgment against a municipality, and to compel the actual levying of a tax for the purpose of paying such judgment.
 
 State, ex rel. Turner,
 
 v.
 
 Village of Bremen,
 
 115 Ohio St., 510, 154 N. E., 526;
 
 Id.,
 
 116 Ohio St., 294, 156 N. E., 134;
 
 Id.,
 
 117 Ohio St., 186, 158 N. E., 6;
 
 Id.,
 
 118 Ohio St., 639, 163 N. E., 302.
 

 In the case of
 
 State, ex rel. Huntington National Bank,
 
 v.
 
 Putnam, Mayor,
 
 121 Ohio St., 109, 167 N. E., 360, mandamus was held to be available to the holder of certain notes which had been duly issued by a municipality and sold in anticipation of the levy of special assessments for the issuance of bonds under Section 3914, General Code. This was, however, a case in which the notes were issued by the council itself, and therefore the case is sharply distinguished from the instant controversy, in which we have a purely unliquidated claim presented.
 

 Thus it was held in
 
 Commissioners of Putnam County
 
 v.
 
 Auditor of Allen County,
 
 1 Ohio St., 322, in the syllabus: “Mandamus will not lie to compel the auditor of a- county to draw an order on the treasurer of the county where the auditor has not the right to fix the amount to be drawn for, unless such amount has been ascertained and liquidated.”
 

 In
 
 Burnet
 
 v.
 
 Auditor of Portage County,
 
 12 Ohio, 54, a writ of mandamus was prayed for to compel a county auditor to audit an assistant appraiser’s account. It was held in that case in the syllabus that, while mandamus would issue against an officer vested with discretionary power who wholly refused to perform his duty, it would not be allowed in the case under consideration where the account had not been finally acted upon by the county commissioners.
 

 The same principle was declared in
 
 State, ex rel. Gerke,
 
 v.
 
 Board of Commissioners of Hamilton County,
 
 
 *9
 
 26 Ohio St., 364, which held in the
 
 syllabus:
 
 ‘‘ The averment in an alternative writ of mandamus, that a claim against the county is for reasonable and necessary expenses incurred by the relator in the discharge of his duty as county treasurer, is not properly triable on mandamus. The claim should be first liquidated before the proper tribunal. After such liquidation payment may be enforced by mandamus.”
 

 It is true that these are early cases, but they have never been overruled, and the reason is evident, for they state the general rule. As given in 18 Ruling Case Law, 220, that rule is: “The general rule that mandamus will not issue if there is another adequate remedy is applied as regards the use of mandamus to enforce the settlement and payment of claims against public corporations; and according to some authorities if the creditor has a remedy against the corporation by an ordinary action at law on his claim it is held that a writ of mandamus will not issue. If the claim sought to be enforced against a municipality by mandamus is doubtful, the general rule that mandamus will not issue unless the right sought to be enforced is clear and undoubted applies and the writ will not be granted; and the general rule that mandamus will not lie to enforce contract rights is held, ground for denying a writ of mandamus to enforce a claim against a public corporation growing out of contract, when the performance of the contract by the relator and the amount and validity of the claim are disputed. And as a general rule where there is a claim against a city or county, unliquidated or unascertained, mandamus is not the proper remedy to enforce its payment; it should be first reduced to judgment.”
 

 The record does not show that the city has collected any revenue from any source not included in the official certificate, nor that the actual balance and receipts in any fund have exceeded the certified estimate. The record contains no certificate to such effect made by
 
 *10
 
 the city auditor and delivered to the budget commission. The budget commission has made no amended official certificate as to the existence of such additional or excess balance. Since the original appropriation for 1931 came to within $2.92 of the amount certified by the budget commission as available for expenditure, this amended certificate has to be made before any supplemental appropriation can take effect. Under Section 5625-30, General Code, any such appropriation measure is prohibited from becoming effective unless the county auditor has filed with the council a certificate that the total appropriations from each fund, taken together with all other outstanding appropriations, do not exceed the estimated revenue certified by the budget commission. No such certificate has been filed. Moreover, Section 5625-33, General Code, expressly prohibits any taxing unit from making any appropriation of money except 'as provided in the act. Under these circumstances, the defendant in error has indeed a number of insurmountable barriers to cross before she is entitled to the extraordinary writ of mandamus as prayed in the petition. Mandamus will not issue to compel the council of a municipality to do an act expressly prohibited by statute.
 

 The conclusion of the majority of this court is strengthened by the fact that the statute gives the council a veto over the number of public health nurses to be employed, as provided in Section 4411,
 
 supra.
 
 If the board of health decides that ten nurses shall be employed, it is conceded that under the statute the council has authority to say that only one nurse shall be employed. Under the familiar principle that the power to do the-greater thing includes the power to do the less, if the council may determine that one, five or ten nurses may be employed, the council may also determine that no nurse may be employed.
 

 As testified by Mr. John H. Twining, chairman of the finance committee of the city and member of the
 
 *11
 
 city council, “the budget was prepared and we had a meeting .then with the county auditor and he told us we was $41,000 too high.” The school board then agreed to take a $21,000 cut, and the city took a $19,800 cut. The finance committee in its recommendation to council made the following statement: “We have checked the appropriation carefully and have had to make some drastic reductions in order to get within our allowance. Our budget called for $100,264.92. The appropriation called for $119,317, which means-$19,052.08 of that must be taken care of by reduction of the appropriation to that amount. If anyone can suggest a more satisfactory way to meet this shortage of money, we certainly will be glad to hear it and give the matter careful consideration.”
 

 After this report was made to council, the council adopted the appropriation measure, omitting the item for nurse hire. As stated by Mr. Twining, the reason why the appropriation was not made for nurse hire was because “We hadn’t the money.”
 

 Under this state of the record, when the council omitted the item for the salary of the nurse from the appropriation ordinance, it determined that the maximum number of public health nurses should be zero. This action was within its powers. The judgment of the Court of Appeals will therefore be reversed.
 

 Judgment reversed.
 

 Jones, Matthias, Day, Kinkade and Stephenson, JJ., concur.
 

 Marshall, C. J., concurs in the judgment.