Allen, J.
 

 The motions for judgment on the pleadings are to be decided upon the pleadings only.
 
 Challen v. City of Cincinnati,
 
 40 Ohio St., 113. The motions admit the truth of the well-pleaded facts in the pleading of the petitioner.
 

 It is the contention of the petitioner that the child is held without legal authority,, upon the ground that the petitioner at no time received notice or citation of hearing as to the dependency of the child, although the petitioner was at all times within the state and her whereabouts were known or could easily have been ascertained.
 

 The pleadings reveal the following facts: The child was declared dependent by the juvenile court of Licking county on February 6, 1933, and an order of temporary commitment was issued by that court. No notice nor citation was issued to the mother to attend this hearing of February 6, 1933.
 

 However, the pleadings show that subsequently the original order of February 6, 1933, was reconsidered by the juvenile court of Licking county. On May 12, 1933, the juvenile court held a hearing, at which the question of the dependency of the child was reconsidered. The reply shows that the attorney for the mother participated in this hearing.
 

 The entry of the juvenile court of Licking county, made after hearing on May 12, 1933, continued until May 26, 1933, is embodied in the reply. It reads as follows:
 

 “This 26th day of May, 1933, the above mentioned case was reconsidered by this court. The original order of the court, made the 6th day of February, 1933, committed said child to the temporary care and custody of the Department of Public Welfare, Divi
 
 *335
 
 sion of Charities, Columbus, Ohio. Such order is hereby terminated.
 

 “The court having heard all the further facts and evidence in this case, finds, that the citation required by Section 1648 was issued Thursday, May 25, 1933, but [the] mother voluntarily entered her appearance on May 12th, 1933.
 

 “That the law has been duly complied with in this case; and the parent [had] her day in court on this matter on May 26, 1933 and on said day the mother, Vera Young declined to further .contest the custody of said child.
 

 “That it is for the best interest of said child that its mother, Vera Province Young be deprived of its care and custody permanently for the reason that upon the hearing of the evidence in open court, the mother of said minor being personally present and represented by an attorney-at-law, it would be for the best welfare of said child, and because said mother of said minor has continually failed and refused to furnish said child a proper home, and because said mother does not have a proper home for said child.
 

 “The court therefore orders that said child be committed this date, in accordance with Section 1672 of the General Code of Ohio, to the permanent care and custody of the Department of Public Welfare, Division of Charities, it appearing that said child is a suitable person to be so committed. * * *”
 

 As shown above, on May 26, 1933, the juvenile court of Licking county vacated the order of temporary commitment originally made, and vacated the original order and made an order of permanent commitment for the care and custody of such minor child.
 

 Under Section 1648 of the General Code, “the mother of an illegitimate child is entitled to notice, actual or constructive, of proceedings upon a complaint of dependency instituted in the juvenile court in reference to such child. Until notice of such pro
 
 *336
 
 ceedings has been given to the mother, the jurisdiction of the juvenile court does not attach and a judgment of permanent commitment rendered in such dependency proceeding is void.”
 
 Lewis
 
 v.
 
 Reed,
 
 117 Ohio St., 152, 157 N. E., 897.
 

 The
 
 Lewis ease,
 
 however, has no application in this particular controversy. At the hearing in the instant case, on May 12,1933, the mother voluntarily appeared and had her day in court. All previous orders were then vacated, and the entry of permanent commitment arises out of a hearing in which the mother actively participated.
 

 The motions for judgment on the pleadings will be sustained.
 

 Motions sustained.
 

 Weygandt, C. J., Stephenson, Jones, Matthias, Bevis and Zimmerman, JJ., concur.