THE STATE, EX REL. THE OHIO PUBLIC SERVICE CO., *v.*
CITY OF ALLIANCE ET AL.

(Decided April 10, 1935.)

*Messrs. Hart, Blumensteil & Strong,* for relator.
*Miss Elsie H. Whittingham,* for respondents.

SHERICK, J.  This is an action in mandamus, and is now before this court upon demurrer to the joint answer of the respondents, who are the city of Alliance, its Mayor, Auditor, Treasurer, and President and the members of the City Council.  The petition recites capacities of the various respondents, and states that on March 3, 1933, October 1, 1933, August 1, 1934, and February 14, 1935, the plaintiff recovered certain judgments against the city; that said judgments are now a finality and wholly unpaid and unsatisfied; that the amount due thereon in the aggregate on March 1, 1935, is $75,030.71; and that the city

has no property upon which a levy of execution may be made sufficient to satisfy the same.

It is further alleged that on March 25, 1935, the relator requested the respondents to include in their appropriation ordinance certain sums of money from the General Fund to pay these judgments, but that the respondents neglected and refused to so do. It is further pleaded that on April 1, 1935, an appropriation ordinance was passed to provide for the city's expenditures for the balance of the 1935 fiscal year, which did not contain any appropriated sum for the payment of relator's judgments, as requested, and as required by law. It is charged that the respondents are in charge of the legal procedure and that they have failed to take the necessary legal steps to pay the judgments.

It is asked that a writ of mandamus issue commanding the Auditor to certify to Council the amount of taxes necessary to provide for the payment of the judgments, and ordering the members of Council to appropriate the moneys necessary therefor, if any there be in the treasury of the city that can be so applied; or, if there are no funds of such character available, that the respondents be required to levy a proper and sufficient tax upon all taxable property in said city to pay the judgments; or that the city officers proceed to issue bonds for the aforesaid purpose and the Treasurer proceed to hold said moneys in proper fund and disburse the same in payment of the judgments.

Comparison of this petition with the cases known as *State, ex rel. Turner*, v. *Village of Bremen,* 115 Ohio St., 510, 154 N. E., 526; 116 Ohio St., 294, 156 N. E., 134; and 117 Ohio St., 186, 158 N. E., 6, promptly discloses that this authority is closely followed in this pleading.

The respondents answer, and admit their official capacity, the rendition of the judgments, and that the sum claimed is legally due and owing. As a first de-

fense the remaining averments of the petition are generally denied. The second defense states that the judgments are based upon amounts due the relator for electric energy furnished the city under a ten-year contract dated January 26, 1926; which, being contractual obligations, the city has no power or authority to issue and to sell bonds to pay such contractual judgments. The third defense recites that the respondents did include the judgments in the city's tax budget for the year 1935, and thereby requested the Stark County Budget Commission to levy a tax on taxable property within the city to pay the judgments, but that the commission refused for "the reason that it was impossible to levy such tax within the 10 mill limitation prescribed by the law of Ohio"; and that the respondents by reason of the ten-mill limitation are unable to levy a tax for the payment of the judgments. The fourth defense avers that the city has no available funds to be so appropriated and that by reason thereof is unable to make such an appropriation. The fifth and last defense states that it is impossible for respondents to comply with the alternative writ.

In respect to the first defense the demurrer is not well taken. As to the second defense it may be briefly remarked that the remedy here pursued is not for enforcement of a contractual covenant, but is upon obligations fully matured and payable, which have been reduced to judgments at law, and in which such obligations are now merged. The demurrer is well taken in respect thereto. The same is also true as to the fourth defense. It has been the holding of the courts of this state for many years that an insufficiency of general funds of a municipality is not a defense to actions of the present character. The third and fifth defenses will be hereinafter considered together, and the averments of the petition will also be examined in the light of what the petition does not state, in view

of the fact that the demurrer searches the record. Both of these matters, as we view them, should be considered with respect to the tax limitation provided in Section 2 of Article XII of the Ohio Constitution, and Section 5625-2, General Code, and the very recent pronouncement of our Supreme Court in the case of *State, ex rel. City of Portsmouth,* v. *Kountz, Mayor,* 129 Ohio St., 272, 194 N. E., 869.

It is now well recognized that municipal corporations must first levy for sinking fund purposes, that is, for "debt charges"; and as obligations, such as judgments, are not "debt charges," but "current operating expenses," as defined by subdivisions F and G of Section 5625-1, General Code, it must follow that the relator has no priority over the municipality's taxes appropriated, equalized and received for current operating expenses; that is, the relator's judgment claims are not "debt charges." If they were "debt charges" they would no doubt be entitled to be levied at the expense of that portion of the ten mill levy which would come to the city for "current operating expenses."

Now the *Kountz case* has this to say, on page 274, wherein the court comments on the answer therein filed:

"Respondents filed an answer alleging that the levy of .10 mill required in 1935 to meet the principal and interest requirements on the proposed bond issue cannot be made for the reason that relator and overlapping political subdivisions have already pledged taxes to meet the principal and interest requirements on outstanding bonds and that such pledged taxes amount to more than ten mills."

Of this pleading the court approves. Without doubt the respondents intended to so plead in their third defense. They do not say, however, that all or any portion of the city's share of the ten mills levied and

collected within the city of Alliance has been pledged to meet debt charge demands. We think that to make this defense available the city must so plead, and for the reason noted the demurrer is good as against the third and fifth defenses.

And further considering the petition in what it does not allege we again revert to the *Kountz case,* page 273, wherein we find it to have been pleaded that the relief afforded by the issuance of the writ asked would find the appropriation, levy and taxes received "within constitutional and statutory limitation." It is well settled that one is not entitled to the extraordinary remedy of a writ of mandamus, in the absence of a clear showing of an unquestioned right thereto. The relator asks this court for such relief. It is its duty and burden to so plead and prove that that which it requests is not unconstitutional or contrary to law; for it must establish its clear right to the relief asked. In the respect herein indicated the petition, to our notion, is defective.

An entry may be drawn in conformity to the conclusions herein reached, and leave is granted the plaintiff to further plead within ten days. Leave is also further granted the respondents to answer any such amended petition within five days, if the same be filed, and in default thereof the cause shall stand dismissed at relator's costs.

*Decree accordingly.*

MONTGOMERY, J., concurs.