62

THE STATE, EX REL. BROWN, ATTY. GENL., *v.* BOARD OF
COUNTY COMMRS. OF FRANKLIN COUNTY.

(No. 69-286—Decided January 28, 1970.)

*Mr. Paul W. Brown,* attorney general, *Mr. Thomas V. Martin* and *Miss Winifred A. Dunton,* for relator.

*Mr. C. Howard Johnson,* prosecuting attorney, and *Mr. Tommy L. Thompson,* for respondents.

CORRIGAN, J. In view of the fact that the amount requested to be appropriated for the fiscal year 1969 has been appropriated by respondent, the relief sought in the petition is now limited to the deficit in the Public Assistance Fund for the fiscal year 1968, *i.e.,* $351,049.81.

Thus, the question presented is whether the relator, under Section 5101.161, Revised Code, can compel the respondent to appropriate funds for the purpose of making up the deficit in the Public Assistance Fund for the year 1968.

Section 5101.161, Revised Code, provides, in part:

"* * * At the beginning of the fiscal year the board of county commissioners shall appropriate the amount certified by the Department [of Public Welfare], reduced or increased by the amount of the balance or deficit in the

Public Assistance Fund at the end of the fiscal year. The Attorney General shall bring mandamus proceedings against any board which fails to make such an appropriation. * * *"

It is apparent that, under Section 5101.161, Revised Code, mandamus is the proper remedy in this case and that there is a duty on the part of respondent to appropriate the money requested.

Respondent, nevertheless, argues that funds are not available from which an appropriation of the deficit can be made.

The agreed statement of facts discloses that if the writ were allowed in this case the operation of the offices of the commissioners, auditor, treasurer, recorder, sheriff, coroner and engineer would be curtailed to such extent that it would be impossible for them to perform their statutory duties.

Thus we are confronted with a situation where the granting of a writ of mandamus under Section 2731.01, Revised Code, "commanding the performance of an act which the law specially enjoins as a duty * * *" would require the respondent to violate its other statutorily imposed duties.

Such a conflict in the statutory law does not readily lend itself to resolution by the courts but, as we indicated in *State, ex rel. Motter*, v. *Atkinson*, 146 Ohio St. 11, 16, is a question "wholly within the province of the General Assembly."

It is clear that the language used by the General Assembly in Section 5101.161, Revised Code, is mandatory on its face and that relator thereby is required to bring mandamus proceedings to enforce allowance of the appropriations in question.

However, as we said in *State, ex rel. Mettler*, v. *Stratton*, 139 Ohio St. 86, 88:

"The writ of mandamus is not a writ of right, and the issuance of a peremptory writ rests in the sound discretion of the court.

"* * *

"* * * 'it is apparent that mandamus will not be awarded in all cases, even where a *prima facie* right to relief is shown, but regard will be had to the exigency which calls for the exercise of such discretion, the nature and extent of the wrong or injury which would follow a refusal of the writ, and other facts which have a bearing on the particular case. The court may consider the applicant's rights, the interests of third persons, the importance or unimportance of the case, and the applicant's conduct, in determining whether the writ shall issue.' "

On the other hand, as we said in *State, ex rel. Scott,* v. *Masterson,* 173 Ohio St. 402, 404:

"The basic purpose of the writ of mandamus is to compel a public officer to perform the duties imposed upon him by law, and, even though such duties involve the use of discretion, a court, although it cannot control such discretion, may compel the exercise of such discretion. *State, ex rel. Masters,* v. *Beamer et al., Bd. of Edn.,* 109 Ohio St. 133; *State, ex rel. City of Middletown,* v. *City Commission,* 140 Ohio St. 368."

Thus, the writ requested could be allowed to require respondent to exercise its discretion and apportion funds among the various county offices in order to make up the deficit in the Public Assistance Fund.

However, the allowance of the writ requested, requiring respondent to perform one statutory duty, would necessarily require respondent to neglect the performance of other statutory duties. This follows from the fact that, as the agreed statement of facts discloses, there is not enough money available for respondent to provide for the deficit in the Public Assistance Fund for 1968 and to also provide for the full operation of county offices. Such being the case, the allowance of the writ would require the respondent to perform acts which are impossible to perform because of lack of funds.

In consideration of the fact that it is financially impossible for respondent to provide for both the 1968 deficit in the Public Assistance Fund and for the operation of its county offices, we are of the opinion that the writ must be

denied. As we said in *State, ex rel. Burgess,* v. *Crabbe,* 114 Ohio St. 517, 522, "The writ of mandamus * * * does not lie if performance of the act prayed for is impossible."

We wish to emphasize that the writ of mandamus is a high prerogative writ which does not lie if the performance of the act prayed for is impossible; and in an action for a writ of mandamus under Section 5101.161, Revised Code, against a board of county commissioners commanding the members thereof to appropriate funds to provide for the deficit in the Public Assistance Fund for 1968, where the agreed statement of facts discloses that there is not enough money available for respondents to provide for such deficit and to provide also for the full operation of all county offices, thereby seeking to require respondents to perform an act which is impossible to perform because of lack of funds, the writ will be denied.

*Writ denied.*

TAFT, C. J., MATTHIAS, O'NEILL, SCHNEIDER, HERBERT and DUNCAN, JJ., concur.