ST. THOMAS HOSPITAL, APPELLEE, *v.*
SCHMIDT, APPELLEE; RAVENSCRAFT ET AL., APPELLANTS.
[Cite as St. Thomas Hospital v. Schmidt (1980),
62 Ohio St. 2d 439.]

(No. 79-1080—Decided June 25, 1980.)

*Mr. Joseph H. Kahn,* for appellee St. Thomas Hospital.
*Mr. Gary M. Smith,* for appellee Schmidt.

*Mr. Stephen M. Gabalac,* prosecuting attorney, *Mr. Steven J. Schwartz* and *Mr. Timothy M. Hartman,* for appellants.

*Per Curiam.* In their first proposition of law, appellants contend that, by virtue of R. C. 5113.09(F), a board of county commissioners is not liable for the cost of hospitalization of a poor relief recipient incurred during a period when no poor relief program was in operation in that county.[1] We disagree.

R. C. Chapter 5113 is designed to place the primary responsibility for the administration of the poor relief program upon the counties. R. C. 5113.02 provides, in part, that "[i]n each county the county department of welfare * * * *shall* furnish poor relief to all persons who are eligible for such relief under this chapter." (Emphasis added.)

The board of county commissioners, pursuant to R. C. 5101.161,[2] is required to appropriate an amount which will meet the county's share of the cost of administering the poor relief program. The board has no discretion to refuse such funding when the necessary funds are available. See *State, ex rel. Brown,* v. *Bd. of County Commrs.* (1970), 21 Ohio St. 2d 62.

It appears that the members of the Board of Summit County Commissioners chose to ignore the duties imposed upon them by state law and refused to fund or operate a poor relief program from June 1, 1976, to December 31, 1976. They now contend that their refusal to obey the applicable statutes absolves them from liability for necessary medical services rendered to indigents during the period of their nonfeasance.

Appellants' argument is grounded in the language of R. C. 5113.09 which provides, in part, as follows:

[1] It is conceded that if such a program had been in operation the county would have been liable.

[2] R. C. 5101.161 provides, in part, as follows:

"Prior to December sixteenth, annually, the department of public welfare shall certify to the board of county commissioners of each county the amount estimated by the department to be needed in the following calendar year to meet the county share, as defined in section 5101.16 of the Revised Code, of expenditures of aid, health care, and administration under Chapters 5107 and 5113 of the Revised Code. At the beginning of the fiscal year the board of county commissioners shall appropriate the amount certified by the department, reduced or increased by the amount of the balance or deficit in the public assistance fund at the end of the fiscal year."

"The department of public welfare shall:
"* * *

"(F) With the approval of the board of appeals created by section 5107.08 of the Revised Code, administer poor relief in any local area where no local relief department has been established or is in operation. If the department of public welfare becomes the local relief authority for any county *it may expend any local funds available for poor relief, and for a period not to exceed three months, may,* if necessary, *pay the entire cost of poor relief from the state appropriation for relief.*" (Emphasis added.)

Appellants contend that their refusal to operate a poor relief program shifts the responsibility for the administration of such a program to the Ohio Department of Public Welfare. While that may be the case, *Robinson* v. *Rhodes* (N.D. Ohio 1976), 424 F. Supp. 1183, it is irrelevant to the issue of financial responsibility. R. C. 5113.09(F), consistent with the remainder of R. C. Chapter 5113, places upon the county, not the state, the primary responsibility to fund the local poor relief program. R. C. 5113.09(F) specifically authorizes the Department of Public Welfare to "expend any local funds available for poor relief" in the event the department assumes the responsibility for administration of a local program. There is nothing in the record to indicate that Summit County lacked the funds necessary to administer the program during the period of Mrs. Schmidt's hospitalization.[3]

We believe that the statutory predicate for appellants' liability is clear. Nothing in R. C. 5113.09(F) vitiates that liability.

In their second proposition of law, appellants maintain that an action to recover the cost of hospitalization of an indigent pursuant to R. C. Chapter 5113 may only be brought as a proceeding in mandamus. They reason that R. C. Chapter 5113 does not grant, either explicitly or implicitly, a private cause of action to poor relief recipients, and that the only

[3] In any event, R. C. 5113.09(F) limits the period of time for which the state may finance a local poor relief program to three months. The state did fund the Summit County program from October, 1976, through December, 1976, a period of three months. See *Robinson* v. *Rhodes* (N.D. Ohio 1976), 424 F. Supp. 1183. It is clear that under these facts the state is not even contingently liable.

method of exacting compliance with the mandates of that Chapter is through an action in mandamus.

We believe, however, that this cause was instituted as an action for restitution. The provisions of R. C. Chapter 5113 established appellants' duty to reimburse appellee hospital for its services. The hospital then tendered consideration in the form of a rendition of necessary medical services. There being consideration in addition to the legal duty, the conditions existed from which the law implies a promise to pay. Pursuant to this contract implied in law, the third-party plaintiff, Schmidt, was entitled to indemnification. Because an action for restitution is cognizable in the ordinary course of the law, there was no necessity for either Schmidt or the hospital to resort to the extraordinary remedy of mandamus.

Appellants contend that the liability of a county cannot be premised upon a contractual theory. Without passing upon the validity of this contention, we note that it was not raised in the courts below. The issue is not, therefore, properly before us. *Republic Steel Corp.* v. *Bd. of Revision* (1963), 175 Ohio St. 179.

For the foregoing reasons, we affirm the judgment of the Court of Appeals.

*Judgment affirmed.*

CELEBREZZE, C. J., SWEENEY, HOFSTETTER and HOLMES, JJ., concur.

HERBERT and W. BROWN, JJ., concur in the judgment.

P. BROWN, J., dissents.

HOFSTETTER, J., of the Eleventh Appellate District, sitting for LOCHER, J.

PAUL W. BROWN, J., dissenting. I disagree with the majority's analysis of this matter. R. C. Chapter 5113 does not establish such an unequivocal duty upon the county for payment of poor relief as to justify the finding of a private cause of action in this situation.