14

PATTON, APPELLANT, *v.* SPRINGFIELD BOARD OF EDUCATION, APPELLEE.

[Cite as Patton *v.* Springfield Bd. of Edn. (1988), 40 Ohio St. 3d 14.]

(No. 87-1073—Submitted September 8, 1988—Decided November 30, 1988.)

*Logothetis & Pence* and *Marcel Dezarn,* for appellant.

*Martin, Browne, Hull & Harper* and *David A. Weaver,* for appellee.

*Per Curiam.* Before a court may grant a writ of mandamus, it must find that the relator has a clear legal right to the relief prayed for, that the respondent is under a clear legal duty to perform the requested act, and that relator has no plain and adequate remedy at law. *State, ex rel. West-chester,* v. *Bacon* (1980), 61 Ohio St. 2d 42, 15 O.O. 3d 53, 399 N.E. 2d 81, paragraph one of the syllabus. The writ of mandamus is not granted by right. It is a high prerogative writ, and its issuance rests in the sound discretion of the court. *State, ex rel. Mettler,* v. *Stratton* (1941), 139 Ohio St. 86, 22 O.O. 56, 38 N.E. 2d 393, paragraph one of the syllabus; *State, ex rel. Brown,* v. *Bd. of Cty. Commrs.* (1970), 21 Ohio St. 2d 62, 50 O.O. 2d 159, 255 N.E. 2d 244.

In *Brown,* we refused to compel county commissioners to make up a deficit in the county's public assistance fund if it meant taking money from other county offices, rendering such offices unable to perform their statutory duties. *Id.* at syllabus. Although the respondent in *Brown* had a clear legal duty to perform the act requested, granting the writ would have forced the respondent to neglect other statutory duties. Since the act prayed for was impossible, the writ was not issued.

Earlier, in *Fostoria* v. *State, ex rel. Binley* (1932), 125 Ohio St. 1, 180 N.E. 371, paragraph one of the syllabus, this court held:

"Mandamus will not issue to compel the council of a municipality to do an act expressly prohibited by statute."

In that case, an employee of the municipality requested this court to issue a writ that would require the city to fund her continued employment as a nurse during the year 1931. This court refused to issue the writ because it would force the city to make an appropriation in excess of its certified revenue estimate. The court noted that while the city had discretion to hire (or refrain from hiring) a nurse, it did not have discretion to spend in excess of its certified revenue estimate. *Id.* at 10-11, 180 N.E. at 374.

In the instant case, Patton asks this court to order the board to perform an act in violation of statutes and regulations prohibiting the employment of a school bus driver who does not hold a certificate. Under R.C. 3327.10(A), no person shall be employed as a school bus driver unless he has received the required certificate. R.C. 3327.10(A) further provides that the superintendent of schools may revoke the certificate "upon a conviction or a guilty plea for a violation, or any other action, that results in a loss or suspension of driving rights. * * *"

It is undisputed that Patton was involved in an action resulting in the suspension of her driving rights. She was charged with OMVI and, under R.C. 4511.191(K), her driver's license was suspended. Therefore, the superintendent had authority to revoke the certificate.

Furthermore, under R.C. 4511.76,

no person may operate a school bus in violation of the regulations adopted pursuant to that statute, nor may a school board permit the operation of a school bus in violation of such regulations. Included among these regulations are Ohio Adm. Code 3301-83-06 (B)(5), which requires a school bus driver's certificate as a qualification to drive a school bus, and Ohio Adm. Code 4501-3-03(A), which provides that no person shall be employed as a school bus driver unless he is qualified.

Thus, a school bus · driver must possess a certificate to drive a school bus, and a school board may not allow a person to drive unless he possesses such a certificate. The enforcement of the civil service commission order to reinstate Patton would, therefore, force a violation of these statutes and regulations. Accordingly, the court of appeals correctly refused to compel the performance of an illegal act.

In arguing that her due process rights were violated when she was terminated without an opportunity to be heard regarding the revocation of her certificate, Patton misstates the premise. The revocation did not trigger her discharge. Her discharge had already occurred. Rather, the revocation formed the basis for the board's refusal to reinstate her. Therefore, the validity of Patton's termination is not affected by the lack of a hearing with regard to the revocation of her certificate, assuming, *arguendo*, that such a hearing is required.

Accordingly, the judgment of the court of appeals is affirmed.

*Judgment affirmed.*

MOYER, C.J., SWEENEY, LOCHER, HOLMES, DOUGLAS, WRIGHT and H. BROWN, JJ., concur.