[Cite as *State ex rel. Barhorst v. Shelby Cty. Bd. of Elections*, 2015-Ohio-4391.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## SHELBY COUNTY

STATE EX REL.,
MIKE BARHORST,

      RELATOR-APPELLEE,                    CASE NO. 17-15-13

      v.

SHELBY COUNTY BOARD              O P I N I O N
OF ELECTIONS,

      RESPONDENT-APPELLANT.

Appeal from Shelby County Common Pleas Court
Trial Court No. 15CV000181

Judgment Affirmed

Date of Decision: October 21, 2015

APPEARANCES:

    *Melissa L. Wood* for Appellant

    *Brian A. Niemeyer* for Appellee

**WILLAMOWSKI, J.**

{¶1} Although originally placed on the accelerated calendar, we have elected pursuant to Loc.R. 12(5) to issue a full opinion in lieu of a summary judgment entry. Respondent-appellant Shelby County Board of Elections ("the Board") brings this appeal from the judgment of the Court of Common Pleas of Shelby County determining that the Board had abused its discretion in invalidating a part-petition presented by relator-appellee Mike Barhorst ("Barhorst"). The trial court granted a writ of mandamus ordering the Board to place Barhorst on the ballot as a candidate for office of councilman at large for the municipality of Sidney for elections to be held on November 3, 2015. The Board appeals the trial court's order claiming that the trial court abused its discretion in issuing the order. For the reasons that follow, the judgment is affirmed.

{¶2} The facts in this case are undisputed. Barhorst submitted five nominating part-petitions containing signatures in support of his nomination. Doc. 1. One of the nominating part-petitions indicated that there were 29 signatures on the part-petition. *Id.* The Board determined that there were 30 signatures on the part-petition and invalidated the entire part-petition. *Id.* This determination was based upon the fact that on line 16 of the nominating part-petition, the printed name "Sean M. Trabue" and an address and date are present. *Id.* On the next line is the cursive-style signed name of "Sean M. Trabue" with an identical address

and date. *Id.* The Board considered both lines to be different "signatures." *Id.* Upon review, the trial court determined that the printed name on line 16 was not a signature and granted the writ of mandamus. Doc. 10. The Board filed its notice of appeal and raises two assignments of error.

### First Assignment of Error

**The trial court erred in finding that line 16 of the rejected part-petition of [Barhorst's] nominating petition does not constitute a signature.**

### Second Assignment of Error

**The trial court erred in finding that the Board abused its discretion, and by granting [Barhorst's] application for a writ of mandamus.**

Both assignments of error are interrelated, so they will be addressed together.

{¶3} When reviewing a decision of a trial court to grant or deny a writ of mandamus, the appellate court must apply an abuse of discretion standard. *State ex rel. Ney v. Niehaus*, 33 Ohio St.3d 118, 515 N.E.2d 914 (1987). "This standard requires more than a determination by the reviewing court that there was an error of judgment, but rather that the trial court acted unreasonably, arbitrarily, or unconscionably." *State ex rel. Hrelec v. Campbell*, 146 Ohio App.3d 112, 117, 765 N.E.2d 402 (2001). Absent such a conclusion, the judgment of the trial court shall be affirmed. *Id.* A petitioner has no right to a writ of mandamus and its

issuance rests in the sound discretion of the trial court. *Patton v. Springfield Bd. of Edn.*, 40 Ohio St.3d 14, 531 N.E.2d 310 (1988).

{¶4} In this case, there is no debate that if the total number of signatures exceeds the number of signatures claimed, the entire part-petition should be invalidated. Secretary of State Directive 2015-10. The sole question before the trial court was whether line 16 contained a "signature", which would require the invalidation of the part-petition. The trial court determined that line 16 did not contain a signature pursuant to the legal definition of what a signature is.

{¶5} A signature as relating to elections is defined by R.C. 3501.011. The statute defines a signature as 1) a "person's written, cursive-style legal mark written in that person's own hand"; 2) "that person's other legal mark that the person uses during the course of that person's regular business and legal affairs that is written in the person's own hand"; or 3) the legal mark made on the voter registration record. The signature on a petition must also be accompanied by the date of the signing, the signer's voting address and may be accompanied by "non-signature information" such as an elector's printed name, address, county, or the date of signing. Secretary of State Directive 2015-10. Pursuant to the statute, the default for "signature" is a cursive-style written name. R.C. 3501.011. Any other "signature" requires reference to outside information to determine whether it is a signature as there must be a determination of its use.

{¶6} In this case, the document itself provides evidence that Line 16 was not a signature pursuant to the statute. It was a printed name and address without any cursive style writing. No evidence has been presented to indicate that the printed name was a "legal mark" used either in normal life by the individual or on his voter registration. On the contrary, Line 17 contained the cursive-style written name with the identical additional "non-signature information", which shows clearly and convincingly that the cursive-style written name was the legal signature pursuant to R.C. 3501.011. Since Line 16 was not a signature by law, the number of signatures on the form equaled the number claimed by the circulator. This is competent, credible evidence that supports the conclusion of the trial court that Line 16 did not contain a legal signature but was "non-signature" information instead. The trial court thus did not abuse its discretion in determining that Line 16 was not a signature. The first assignment of error is overruled.

{¶7} Since the trial court did not abuse its discretion in determining that Line 16 did not contain a signature, the trial court correctly determined that the part-petition contained the same number of signatures as were indicated by the circulator. Thus, the trial court correctly determined that the Board then abused its discretion by invalidating the entire part-petition. Secretary of State Directive 2015-10. Instead, the Board was required to review the individual signatures for

validity and determine whether Barhorst had enough valid signatures to be placed on the ballot. *Id*. This is what the trial court ordered the Board to do in the writ of mandamus. Since the writ complies with the law, the trial court did not abuse its discretion in issuing the writ of mandamus. The second assignment of error is overruled.

{¶8} Having found no error prejudicial to the Board in the particulars assigned and argued, the judgment of the Court of Common Pleas of Shelby County is affirmed.

*Judgment Affirmed*

**SHAW and PRESTON, J.J., concur.**

**/jlr**