Zimmerman, J.
 

 Section 1639-18, General Code, a part .of the Juvenile Court Act, provides:
 

 “The judge may appoint a chief probation officer * * * and as many * * * employees as may be necessary. Such appointees shall receive such compensation and expenses as the judge shall determine, and shall serve during the pleasure of the judge. '
 

 “The compensation of the probation officers and other employees shall be paid in semi-monthly installments by the county treasurer from the county treas
 
 *18
 
 ury, upon the warrant of the county auditor, certified to by the judge of the court.”
 

 Section 1639-57 reads in part:
 

 “It is hereby made the duty of the county commissioners to appropriate such sum of money each year as will meet the administrative expense of the court exercising the powers and jurisdiction conferred in this chapter * * *.”
 

 The appellant contends that the provisions of Section 1639-57 are mandatory and exclusive, and that county commissioners may always be compelled to amend their appropriations as to unincumbered and unexpended funds to meet expenses made mandatory by law.
 

 Conversely, the appellee, relying upon Section 2981, General Code, and the decision in
 
 State, ex rel. Mettler, Pros. Atty.,
 
 v.
 
 Stratton et al., Commrs., supra,
 
 argues that county commissioners may exercise discretion in allocating existing or anticipated funds, and that Section 2981 qualifies Section 1639-57 to the extent that the provisions of the latter section need be obeyed only if there is money on hand or in sight with which to comply.
 

 Section 2981 is a general law, while Section 1639-57 is a" later and specific enactment; so unless some satisfactory or persuasive reason can be found, its plain language must be recognized and applied.
 

 In recent years there has been an increasing solicitude on the part of the state for wayward, unfortunate and' neglected children. Through legislative action the Juvenile Court has been made responsible to an important extent for improving the environment and surroundings of these potential citizens and to correct unfavorable conditions besetting them, not only for the advantage of the individual child but for the benefit of the state as well. Section 1639-59, General Code,
 
 *19
 
 •describes the purposes of the Juvenile Court Act and •enjoins its liberal construction.
 

 If a Juvenile Court is handicapped in its operation ■by a lack of funds and personnel, society may be the .loser. Doubtless it was to prevent such a contingency that Section 1639-57, General Code, was passed, and .it is couched in unambiguous and compelling language.
 

 Moreover, to insure the proper functioning of each •county court, Section 5637, General Code, authorizes •county commissioners annually to levy a tax on property in their counties to create a judicial and court fund to be expended for the payment of all the expenses of the various courts of the county; and in the event such fund should prove inadequate to meet court • expenses, the general or county fund shall be drawn upon for the payment thereof.
 

 In the view of a majority of the court, the
 
 Mettler ■case
 
 is not dispositive of the instant controversy. There, the Prosecuting Attorney of Athens county ■sought a writ of mandamus from this court to compel the county commissioners to appropriate funds for the compensation of a stenographer and secret service ■officer in the amount fixed by the Court of Common Pleas' under Sections 2914, 2915 and 2915-1, General Code; also an amount for expenses as allowed by Section 3004, General Code. After hearing and before the ■case was decided, the county commissioners made supplemental appropriations for the salaries of the •stenographer and the secret service officer in accordance with the request of the prosecuting attorney, but -did not increase the appropriation for the allowance under Section 3004, General Code.
 

 It was held that the relator was not entitled to suc•eeed in the latter respect because “the petition contains no allegations that the amount already appropriated, or any part of it, has been expended by the Telator. Besides, the petition does not show that re
 
 *20
 
 lator has complied with Section 3004 by giving the bond required therein.”
 

 While it may be conceded that some of the language employed in the
 
 Mettler case
 
 lends support to the position taken by the respondent herein, its use was unnecessary in deciding the cause. Sections 2914, 2915, 2915-1 and 3004, General Code, alone were involved in the
 
 Mettler case,
 
 and neither as a part of those sections nor in connection with them is any mandatory obligation laid on the county commissioners to appropriate money for the purposes specified.
 

 On the other hand, Section 1639-57, General Code, expressly states that it shall be the duty of the county commissioners to appropriate the funds necessary to care for all the administrative expenses of the Juvenile Court. In' the present case there is no claim of any unreasonableness as to the salary and traveling expenses fixed for the probation officer.
 

 To maintain the orderly processes of government it is incumbent upon courts to give effect to the statutory law as written, when no question of constitutionality is involved. If Section 1639-57, General Code, in its present wording is unfair and detrimental to the other branches of the county government in that it gives undue preference to one department, rectification is for the General Assembly and not for the courts.
 

 The court being of-the opinion that relator should have been granted the writ of mandamus as prayed for, the judgment of the Court of Appeals is reversed and'the cause remanded to that court with instructions to issue the writ.
 

 Judgment reversed.
 

 Weygandt, C. J., Matthias, Hart, Bell and Williams, JJ., concur.
 

 Turner, J., dissents.