Hart, J.
 

 The relator’s status as probate judge for Vinton county and his right to maintain the action as .such are beyond successful attack. Even if he had failed to give a proper bond upon his election, and for that reason failed to qualify, he held over under his original appointment and was qualified to act as probate judge in fixing the amounts necessary for the operation of the court and in making budget requests.
 

 
 *14
 
 The fact that he failed to make his budget requests for the year 1945 during the time fixed by Section 5625-20, General Code, is not fatal. The statute in that regard is directory and -respondent board was not prejudiced or relieved of its duty to make proper appropriations for the operating expenses of the- court, since there remain funds sufficient and unappropriated to cover these expenses. Upon the evidence, the only reason assigned by respondent board for its refusal to appropriate the sums requested by the relator is that there was not enough money to cover relator’s request and at the same time keep open and operate all the other county offices.
 

 Furthermore, this court is of the opinion that the matter of the findings of the bureau of inspection against the relator as probate and juvenile judge of the county and as to his financial'obligation, if any, to the state or county, is a personal matter, does not affect his status to perform the duties of probate judge and is not an issue in these cases.
 

 The official duty of the respondent as to appropriation of funds for the operation of the Probate Court of the county is fixed by Section 10501-5, General Code, which is as follows:
 

 í < # * * it is hereby made the duty of the county commissioners to appropriate such sum of money each year as will meet all the administrative expense of the court which the probate judge deems necessary for the operation of the court, including the salaries of the appointees of the court as the probate judge shall fix and determine; provided, however, the total compensation paid to the appointees of the court in any calendar year shall not exceed the total fees earned by the court during the preceding calendar year * *
 

 In the opinion of this court this statute is mandatory and gives the compensation of appointees of the
 
 *15
 
 court budgetary preference within the total fees earned by the court during the preceding calendar year. The relator is authorized, within the limitation above pointed out, to fix the sums necessary for the operation of the court and his determination within the limitation, in the absence of an abuse of discretion, is-final. The relator made this determination within the terms of the statute whereupon it became the duty of respondent board to make the appropriation accordingly.
 

 The official duty of the respondent as to the appropriation of funds for the administration expense of the Juvenile Court is fixed by Section 1639-57, General Code, which is as follows:
 

 “It is hereby made the duty of the county commissioners to appropriate such sum of money each year as will meet all the administrative expense of the court exercising the powers and jurisdiction conferred in this chapter, including reasonable expenses of the judge and probation officers in attending conferences * * *. All disbursements from such appropriations shall be upon specifically itemized vouchers, certified to by the judge of the court. * * * ”
 

 This court is of the opinion that this statute is likewise mandatory; that the amount of the administrative expenses of the court lies within the sound discretion of the juvenile judge; and that it is not a matter to be determined by the respondent. The action of the juvenile judge in this regard was not illegal, and it is the plain duty of the respondent to make the appropriations accordingly.
 
 State, ex rel. Clarke, Judge,
 
 v.
 
 Board of County Commrs. of Lawrence County,
 
 141 Ohio St., 16, 46 N. E. (2d), 410.
 

 The hardship, if any, visited upon the operation of the other county offices through lack of funds resulting from the appropriation of the amounts requested by
 
 *16
 
 the probate judge for the operation of his offices, is a matter over which this court has no control, but is wholly within the province of the G-eneral Assembly.
 

 The' writs are allowed in both cases.
 

 Writs allowed.
 

 Weygandt, C. J., Zimmerman, Bell, Williams, and Matthias, JJ., concur.