Griffith, J.
This case once again brings before this court for consideration a controversy concerning determination of the yearly appropriation for combined Probate and Juvenile Courts.
Two sections of the Revised Code govern such appropriation.
Section 2101.11, Revised Code, deals with the Probate Court. It reads in part:
“* * * The Board of County Commissioners shall appropriate such sum of money each year as will meet all the administrative expense of the court which the judge deems necessary for the operation of the court, including the salaries of such appointees as the judge determines. The total compensation paid to the appointees in any calendar year shall not exceed the total fees earned by the court during the preceding calendar year, unless approved by the board.”
Section 2151.10, Revised Code, deals with the Juvenile Court. It reads:
“The Board of County Commissioners shall appropriate such sum of money each year as will meet all the administrative expense of the Juvenile Court, including reasonable expenses of the juvenile judge and such officers and employees as he may designate in attending conferences at which juvenile or welfare problems are discussed, and such sum each year as will provide for the maintenance and operation of the detention home, the care, maintenance, education, and support of neglected, dependent, and delinquent children, other than children entitled to aid under Sections 5107.01 to 5107.16, inclusive, of the Revised Code, and for necessary orthopedic, surgical, and medical treatment, and special care as may be ordered by the court for any neglected, dependent, or delinquent children. * * * ”
Both these statutes have been interpreted by this court.
The case of State, ex rel. Clarke, Probate Judge, v. Board of County Commrs. of Lawrence County, 141 Ohio St., 16, considered appropriation for the Juvenile Court under Section 1639-57, General Code (Section 2151.10, Revised Code).
*244 The syllabus in that case reads:
“Under Section 1639-57, General Code, it is the duty of the county commissioners to appropriate annually a sum of money sufficient to meet all the administrative expenses of the Juvenile Court in their county, inclusive of the salary and traveling expenses of a regularly appointed probation officer, and an action in mandamus will lie to compel the performance of such duty.” In the course of the opinion, it is said, at page 20:
“* * * Section 1639-57, General Code, expressly states that it shall be the duty of the county commissioners to appropriate the funds necessary to care for all the administrative expenses of the Juvenile Court. In the present case there is no claim of any unreasonableness as to the salary and traveling expenses fixed for the probation officer.
“To maintain the orderly processes of government it is incumbent upon courts to give effect to the statutory law as written, when no question of constitutionality is involved. If Section 1639-57, General Code, in its present wording is unfair and detrimental to the other branches of the county government in that it gives undue preference to one department, rectification is for the General Assembly and not for the courts.”
The case of State, ex rel. Motter, v. Atkinson et al., Board of County Commrs. of Vinton County, 146 Ohio St., 11, dealt with requests for appropriations for compensation for employees of the Probate Court and for salary and traveling expenses for the probation officer of the Juvenile Court of Vinton County. The syllabus reads:
“The provision of Section 10501-5, General Code [Section 2101.11, Revised Code], requiring the county commissioners to appropriate such sums of money each year as will meet all the administrative expense of the Probate Court which the judge thereof deems necessary, including such salaries of the appointees of the court as the judge shall fix and determine, provided, however, that the total compensation of such appointees in any calendar year shall not exceed the total fees earned by the court during the preceding calendar year, and the provisions of Section 1639-57, General Code [Section 2151.10, Revised Code], requiring such county commissioners to appropriate such sums of money each year as will meet the admin *245 istrative expense of the Juvenile Court of the county, including reasonable expenses of the judge and probation officers in attending conferences, are mandatory and it is the duty of such county commissioners to make appropriations for such purposes accordingly. ’ ’
In the opinion, at page 14, it is stated:
“In the opinion of this court this statute [Section 10501-5, General Code] is mandatory and gives the compensation of appointees of the court budgetary preference within the total fees earned by the court during the preceding calendar year. The relator is authorized, within the limitation above pointed out, to fix the sums necessary for the operation of the court and his determination within the limitation, in the absence of an abuse of discretion, is final. The relator made this determination within the terms of the statute whereupon it became the duty of respondent board to make the appropriation accordingly.”
Also, it is stated at page 15:
“This court is of the opinion that this statute [Section 1639-57, General Code] is likewise mandatory; that the amount of the administrative expenses of the court lies within the sound discretion of the juvenile judge; and that it is not a matter to be determined by the respondent. The action of the juvenile judge in this regard was not illegal, and it is the plain duty of the respondent to make the appropriations accordingly. State, ex rel. Clarke, Judge, v. Board of County Commrs. of Lawrence County, 141 Ohio St., 16, 46 N. E. (2d), 410.
“The hardship, if any, visited upon the operation of the other county offices through lack of funds resulting from the appropriation of the amounts requested by the probate judge for the operation of his offices, is a matter over which this court has no control, but is wholly within the province of the General Assembly.”
It must be noted that in Sections 1639-57 and 10501-5, General Code, the duty of the board was set forth in the following language: “It is hereby made the duty of the county commissioners to appropriate * * *,” whereas Sections 2101.11 and 2151.10, Revised Code, state that “the Board of County Commissioners shall appropriate * * *.” These changes in wording *246 have not altered the effect of these statutes, and the interpretation placed upon them in the Clarice and Motter cases still applies.
Following the reasoning of both the foregoing cases, it is clear that the funds requested by the judge for the Probate and Juvenile Courts must be appropriated by the Board of County Commissioners if they fall within the provisions of Sections 2101.11 and 2151.10, Revised Code, and if they are not so unreasonable as to constitute an abuse of discretion. Here, in the first instance, it was the Court of Appeals which reviewed the requests with that standard, and the findings of that court are now here for review.
For the salaries of assistants of the Probate Court $20,800 was requested; $13,262 was allowed by respondent; and $15,-017.40 was allowed by the Court of Appeals. In arriving at the sum of $15,017.40, the Court of Appeals utilized the amount of fees collected during the preceding year. Uncollected fees, therefore, were not included. Relator claims that such fees should be included, so the question is whether uncollected fees are to be considered “earned” within the meaning of that term as used in Section 2101.11, Revised Code.
Relator urges that earned fees should include uncollected fees, as such fees are merited or deserved although uncollected. However, here we are not dealing with a situation where an individual’s right to earnings is merited or deserved, as in the usual case, but with a situation where the right to yearly compensation is based contingently on the earned fees of an agency of the county. Admittedly, such fees are deserved in that they are owed, but the fact remains that such fees are not yet in possession of the county.
When the General Assembly placed the limitation on the amount of compensation payable to Probate Court employees, its evident purpose was to make the amount of such compensation bear a relationship to the amount of income received in fees. Since, economically, compensation cannot be paid from uncollected fees, it follows that the limitation placed on these salaries by the General Assembly refers to collected fees, and, therefore, the words, “fees earned,” as used in Section 2101.11, *247 Revised Code, mean collected fees. Thus, the determination of the Court of Appeals as to this request is correct.
As for the Probate Court requests for appropriations for new equipment, expenses of the judge and other expenses, the Court of Appeals found that these are not administrative expenses and disallowed them.
The Probate Court judge considered these to be legitimate administrative expenses, and, in the absence of anything in the record to require a modification of these requests, we are impelled to accept the determination of the Probate Court.
The Probate Court request for sums for stationery and supplies was allowed by the Court of Appeals as a necessary administrative expense, but the amount granted, $5,500, was less than the $6,500 requested. It is apparent that in considering this item the Court of Appeals determined, in view of the evidence, that this request was unreasonable.
Since there is nothing in the record to warrant the Court of Appeals in so finding, we accept the determination- of the Probate Court.
Relator’s requests for $26,000 for salaries and $2,500 for stationery and supplies for the Juvenile Court were allowed by the Court of Appeals as requested, and, since respondent has not appealed as to such allowances, there is no dispute over these amounts in this court.
As for the sums for the Juvenile Court for salaries and mileage of probation officers, expenses of probation officers and judge, stationery and supplies, new equipment and witness fees, we accept the determination of the Juvenile Court for the reasons applied above as to the Probate Court appropriations.
Although under Section 2151.10, Revised Code, it appears to be mandatory that funds be allotted for care of children, the appropriation of such funds can be mandatory only to the extent that funds are required by the court. If no expenses are necessary then a request for funds would be unreasonable. In its decision the Court of Appeals stated that “it is noted * * * on examination of the adopted budget * * * that substantial provision is made through other departments for vari *248 ous types of child care.” It is apparent from this that the Court of Appeals determined that child care is provided for by other agencies of the county, and on the record we are unable to find that determination unreasonable.
Relator in his second cause of action seeks to compel respondent to provide a juvenile detention home. This cause of action was dismissed by the Court of Appeals.
Section 2151.34, Revised Code, states in part:
“Upon the advice and recommendation of the judge, the Board of County Commissioners shall provide, by purchase, lease, construction, or otherwise, a place to be known as a detention home * * (Emphasis added.)
It is clear that this section, being expressed in mandatory language, must be complied with. The Court of Appeals dismissed the action because the alternative means of compliance listed in the statute requires an exercise of discretion on the part of the board. This is true, but the statute in the first instance requires that “the Board of County Commissioners shall provide * * * a detention home.” The means of providing such a home is within the discretion of the board, but there is nothing at all discretionary in the requirement that such a home be provided.
It is well settled that a writ of mandamus will issue to order an exercise of discretion. As stated in State, ex rel. Scott, v. Masterson, 173 Ohio St., 402, 404, “the basic purpose of the writ of mandamus is to compel a public officer to perform the duties imposed upon him by law, and, even though such duties involve the use of discretion, a court, although it cannot control such discretion, may compel the exercise of such discretion.” See, also, 35 Ohio Jurisprudence (2d), 269, Mandamus, Section 24, and cases cited therein.
The Court of Appeals, therefore, erred in dismissing relator’s second cause of action, and the writ must be allowed as to that cause of action.
Relator’s requests for damages and attorney fees were denied by the Court of Appeals. Relator cites Section 2731.11, Revised Code, to support the claim for damages.
This section reads:
“If a judgment in a proceeding for a writ of mandamus *249 is rendered for the plaintiff, the relator may recover the damages which he has sustained, to be ascertained by the court or a jury, or by a referee or master, as in a civil action * *
An earlier version of this statute was interpreted as not applying to the state (State, ex rel. Parrott, v. Board of Public Works, 36 Ohio St., 409), and it would be illogical to grant damages in favor of one governmental official at the expense of another, where both are agents of the state itself.
Attorney fees also were properly denied in the absence of a fund out of which such fees could be paid by the respondent. State, ex rel. Scott, v. Masterson, 173 Ohio St., 402, 407.
The judgment of the Court of Appeals is, therefore, modified in accordance with the views expressed herein and, as modified, is affirmed.

Judgment modified and, as modified, affirmed.

Taut, C. J., Zimmerman, Jones, O’Neill, Herbert and Gibson, JJ., concur.
Jones, J., of the Seventh Appellate District, sitting by designation in the place and stead of Matthias, J.