Per Curiam.

It is admitted both by the pleadings and the stipulation that relator requested $22,680 for the operation of his court, and that the respondent appropriated for his use only $4,325, which is $18,355 less than the amount requested and which amount relator seeks by this action to compel respondent to appropriate for his use.
It has been established that the amount necessary for administrative expenses of the Juvenile Court lies in the sound discretion of the judge and not that of the Board of County Commissioners, and under the provisions of Section 2151.10, Eevised Code, there is a mandatory duty on the Board of County Commissioners to appropriate the funds requested by a Juvenile Court judge for the operation of his court unless such request is for an amount which is so unreasonable as to constitute the request an abuse of discretion. State, ex rel. Ray, Judge, v. South, 176 Ohio St., 241. See, also, State, ex rel. Motter, v. Atkinson, 146 Ohio St., 11.
Thus, the primary question is whether the amount requested by the relator in the instant case is so excessive in relation to his needs as to constitute an abuse of discretion. Eespondent argues that the amount is arbitrary, excessive, unreasonable and an abuse of discretion on the sole ground that the request is for more than five times the amount appropriated for such purpose in prior years. However, prior appropriations are neither conclusive nor necessarily indicative that a present request for funds is so excessive as to constitute an abuse of discretion. Such determination can be made only from a consideration of the request in relation to the factual needs of the court for the proper administration of its business. It should be pointed out at this time that, although the prior appropriations have indeed been substantially less than the amount requested in the instant case, in such prior years the court had requested substantially more than was appropriated.
An examination of the stipulation shows that relator’s court, with an average of 200 juveniles on probation, is presently operating with one probation officer who is 75 years of age, with borrowed and antiquated equipment, with no clerical help, with insufficient funds to maintain the records required by law, with no funds for juror or witness fees, mileage and expenses of *6 the probation officer, or supplies, and with totally inadequate funds for the care and maintenance of those children for whom it should assume responsibility in the ordinary administration of its duties required by statute.
The stipulation not only sets forth the amount requested for each individual item in the request but also clearly and succinctly sets forth the reasons upon which the relator based his request in each individual instance, none of which are contraverted by the respondent, nor does the respondent contend in the stipulation or its answer that any individual item is unreasonable or excessive.
The request presented by the relator included funds for an additional trained probation officer, the expenses of the relator in attending various Juvenile Court conferences, expenses of the probation officer, jurors, witnesses, a deputy clerk, two part-time clerks and vacation and extra help, and expenses for stationery, supplies, new equipment and an increased amount for the care and maintenance of children. All these items are necessary and proper expenses involved in the administration of the court, not one of which is exhorbitant in amount when considered in relation to the case load set forth in the stipulation.
Respondent bases its whole defense, in relation to its argument that such request constituted an abuse of discretion, on the fact that the amount requested far exceeded the prior appropriations. Respondent does not even urge that the prior appropriations were adequate for the needs of the court.
Under the facts of this case, relator’s request for funds was not so excessive as to constitute an abuse of discretion.
Respondent urges that there are no unappropriated or unencumbered funds out of which the additional funds could be appropriated, and that to comply with relator’s request would work an undue hardship and burden on other offices and agencies. This does not excuse respondent from fulfilling its mandatory duty. In State, ex rel. Motter, v. Atkinson, supra, 15, it is said in the course of the opinion:
“This court is of the opinion that this statute [present Section 2151.10, Revised Code] is likewise mandatory; that the amount of the administrative expenses of the court lies' within *7 the sound discretion of the juvenile judge; and that it is not a matter to be determined by the respondent. The action of the juvenile judge in this regard was not illegal, and it is the plain duty of the respondent to make the appropriations accordingly. State, ex rel. Clarke, Judge, v. Board of County Commrs. of Lawrence County, 141 Ohio St., 16, 46 N. E. (2d), 410.
“The hardship, if any, visited upon the operation of the other county offices through lack of funds resulting from the appropriation of the amounts requested by the probate judge for the operation of his offices, is a matter over which this court has no control, but is wholly within the province of the General Assembly. ’ ’
Since relator’s request for funds was not unreasonable in relation to his needs, it is the mandatory duty of respondent 1o comply therewith, and the writ of mandamus is allowed.

Writ allowed.

Taft, C. J., Zimmerman, Matthias, O’Neill, Griffith, Herbert and Gibson, JJ., concur.