THE STATE, EX REL. FOSTER, JUDGE, *v.* WITTENBERG ET AL.,
BOARD OF COUNTY COMMRS. OF LUCAS COUNTY.

(No. 68-471—Decided December 24, 1968.)

90

*Mr. John J. Callahan, Mr. Charles E. Ide, Jr.,* and *Mr. Howard C. Schwab,* for relator.

*Mr. Harry Friberg,* prosecuting attorney, and *Mr. John W. Winn, Jr.,* for respondent.

MATTHIAS, J.   In his petition in the instant case, relator alleges that under Section 2151.10, Revised Code, there is a mandatory duty to appropriate the sums requested. He alleges also that respondent *had* funds from which it could have made the necessary and requested appropriations.

Respondent demurs on the ground that the petition does not state a cause of action.   It is respondent's position that the failure to allege in the petition that the respondent presently *has* funds available for appropriation makes such petition subject to demurrer.   The demurrer does not raise the question of *the reasonableness of relator's request for funds.*   Therefore, that issue is not before this court.

The question actually raised by the parties has been before the court many times.   It has been determined that a board of county commissioners has the mandatory duty to appropriate the funds requested by a judge unless he is guilty of an abuse of discretion in his request.   *State, ex rel. Clarke,* v. *Board of County Commrs.,* 141 Ohio St. 16; *State, ex rel. Motter,* v. *Atkinson,* 146 Ohio St. 11; *State, ex rel. Ray,* v. *South,* 176 Ohio St. 241, and *State, ex rel. Moorehead,* v. *Reed,* 177 Ohio St. 4.

No question is raised by the demurrer in the instant case that the judge abused his discretion or that he needs

such funds. Respondent relies solely on the failure to allege the present availability of funds.

At the time the request for funds was made by relator the monies were neither appropriated nor encumbered. The board had a mandatory duty at that time to comply with relator's request so long as it was reasonable. It cannot escape its duty by appropriating such funds to others, neither can it use such prior appropriation as a defense in an action such as this. It had, and still has, a mandatory duty to comply with relator's request.

In discussing the duty of the board in such a case this court, in *State, ex rel. Moorehead,* v. *Reed, supra,* 6, said:

"Respondent urges that there are no unappropriated or unencumbered funds out of which the additional funds could be appropriated, and that to comply with relator's request would work an undue hardship and burden on other offices and agencies. This does not excuse respondent from fulfilling its mandatory duty. In *State, ex rel. Motter,* v. *Atkinson, supra,* 15, it is said in the course of the opinion:

" 'This court is of the opinion that this statute [present Section 2151.10, Revised Code] is likewise mandatory; that the amount of the administrative expenses of the court lies within the sound discretion of the juvenile judge; and that it is not a matter to be determined by the respondent. The action of the juvenile judge in this regard was not illegal, and it is the plain duty of the respondent to make the appropriations accordingly. *State, ex rel. Clarke, Judge,* v. *Board of County Commrs. of Lawrence County,* 141 Ohio St. 16, 46 N. E. 2d 410.

" 'The hardship, if any, visited upon the operation of the other county offices through lack of funds resulting from the appropriation of the amounts requested by the probate judge for the operation of his offices, is a matter over which this court has no control, but is wholly within the province of the General Assembly.'

"Since relator's request for funds was not unreasonable in relation to his needs, it is the mandatory duty of respondent to comply therewith, and the writ of mandamus is allowed."

The instant case falls within this language. Therefore, the board has no right to interfere with the operation of the court by denying it necessary funds and has the mandatory duty under Section 2151.10, Revised Code, to appropriate the money requested by relator.

It is a well-established principle that the administration of justice by the judicial branch of the government cannot be impeded by the other branches of the government in the exercise of their respective powers. The proper administration of justice requires that the judiciary be free from interference in its operations by such other branches. Indeed, it may well be said that it is the duty of such other branches of government to facilitate the administration of justice by the judiciary.

It is appropriate that we recall and reaffirm this basic principle as set forth in the second paragraph of the syllabus in *Zangerle* v. *Court of Common Pleas*, 141 Ohio St. 70, viz:

"Courts of general jurisdiction, whether named in the Constitution or established pursuant to the provisions thereof, possess all powers necessary to secure and safeguard the free and untrammeled exercise of their judicial functions and cannot be directed, controlled or impeded therein by other branches of the government."

The demurrer is overruled and the writ is allowed.

*Writ allowed.*

ZIMMERMAN, O'NEILL, HERBERT and BROWN, JJ., concur.

TAFT, C. J., dissenting. In my opinion, the unanimous decision of this court and paragraph five of the syllabus in *State, ex rel. Mettler,* v. *Stratton* (1941), 139 Ohio St. 86, should require us to sustain the demurrer in the instant case and deny the writ requested. That paragraph of the syllabus reads:

"A petition in mandamus filed *August 20, 1941*, which seeks to compel the county commissioners to make an ap-

propriation to the prosecuting attorney of the county to cover the amounts fixed by the judge of the Court of Common Pleas under Sections 2914, 2915 and 2915-1, General Code, as well as the amount authorized under Section 3004, General Code, and which alleges that 'there was sufficient anticipated revenue in the general fund on such *31st day of March 1941*, not already encumbered by mandatory appropriations,' but which contains no allegation that there is money in the county treasury unencumbered and unappropriated from which such appropriation may be made, is demurrable.''

The record in the instant case discloses that the petition was not filed until July 26, 1968. That petition alleges relator's requests for certain amounts and states ''that the respondent * * * in utter disregard of his request, did appropriate on or about the 27th day of March 1968'' certain lesser and inadequate amounts.

The only allegation as to the availability of any money, from which the appropriation sought by relator can be made, is the allegation ''that the respondent had funds from which it could have made the necessary and requested appropriations.''

An allegation that respondent ''had'' such funds on March 27, 1968, does not amount to an allegation that respondent either had such funds on July 26, 1968, or could then make such funds available by rescinding its March 27 appropriations. The court can not reasonably draw any such inferences from the allegations of relator's petition.

Schneider, J., concurs in the foregoing dissenting opinion.