THE STATE, EX REL. MILLIGAN ET AL., JUDGES, v. FREEMAN ET AL., BOARD OF COUNTY COMMRS. OF STARK COUNTY.

---

14

(No. 71-665—Decided July 5, 1972.)

16

Mr. D. W. Raley, Mr. Charles J. Tyburski and Mr. William D. Wendell, for relators.

Mr. David D. Dowd, Jr., prosecuting attorney, and Mr. James R. Unger, for respondents.

O'NEILL, C. J. Counsel for respondents concede that, under prior cases of this court interpreting R. C. 2151.10, the Board of County Commissioners has a mandatory duty to appropriate the funds requested by the Juvenile Court Judge unless such request exceeds the limitation expressed therein. However, they ask this court to re-examine its prior decisions because ''The expenses of the operation of the Domestic Relations and Juvenile Court continue to accelerate at a far greater rate than the increase in the general fund revenues for the county'' and, thus, the priority given that court operates to the detriment of other branches of the county government. Therefore, they contend that the ''abuse of discretion'' test should be enlarged to include a ''finding that the failure of the board to so appropriate is unreasonable in light of all the surrounding circumstances confronting the Board of Commissioners as they attempt to finance properly the operation of the entire county government structure.''

The suggested test is rejected. R. C. 2151.10 ''is couched in unambiguous and compelling language.'' *State, ex rel. Clarke,* v. *Bd. of County Commrs.* (1943), 141 Ohio

St. 16, 19, 46 N. E. 2d 410. Its provisions are mandatory. See the syllabus in *State, ex rel. Motter, v. Atkinson* (1945), 146 Ohio St. 11, 63 N. E. 2d 440. In *State, ex rel. Moorehead, v. Reed* (1964), 177 Ohio St. 4, 201 N. E. 2d 594, it is stated, at page five:

"* * * the amount necessary for administrative expenses of the Juvenile Court lies in the sound discretion of the judge and not that of the Board of County Commissioners * * *."

Paragraph three of the syllabus in *State, ex rel. Foster, v. Wittenberg* (1968), 16 Ohio St. 2d 89, 242 N. E. 2d 884, states:

"Under the provisions of Section 2151.10, Revised Code, determination of the necessary annual administrative expenses of the Juvenile Court lies solely within the sound discretion of the juvenile judge, and the Board of County Commissioners has no authority to substitute its judgment for that of the juvenile judge by appropriating an amount less than that requested."*

When the General Assembly enacted R. C. 2151.10 it specified the only "test" to be applied by the courts when a request by the Juvenile Court Judge for funds is disputed:

"The board of county commissioners *shall* appropriate such sum of money each year *as will meet all the administrative expense of the Juvenile Court * * * and such sum each year as will provide for the maintenance and operation* of the detention home, the care, maintenance, education, and support of neglected, dependent, and delinquent children * * * *and for necessary* orthopedic, surgical, and medical treatment, *and special care as may be ordered by the court* for any neglected, dependent, or delinquent children. * * * " (Emphasis added.)

That standard is explicit. The court can only "weigh" the request for funds in light of that standard. "If no expenses are necessary then a request for funds would be

---

*The phrase "administrative expenses" is used in the generic sense to include all the expenses enumerated in R. C. 2151.10.

unreasonable." *State, ex rel. Ray,* v. *South* (1964), 176 Ohio St. 241, 247, 198 N. E. 2d 919. However, the reasonableness of the request must be determined "only from a consideration of the request in relation to the factual needs of the court for the proper administration of its business." *State, ex rel. Moorehead,* v. *Reed, supra* (177 Ohio St. 4, 5). The factual needs of the court are to be determined solely by the Juvenile Court Judge "and the Board of County Commissioners has no authority to substitute its judgment for that of the juvenile judge by appropriating an amount less than that requested." *State, ex rel. Foster,* v. *Wittenberg, supra* (16 Ohio St. 2d 89). If the Board of County Commissioners determines that the request for funds, *in toto* or in part, is unreasonable, its only remedy is litigation and only in light of the limitation expressed in R. C. 2151.10.

The "test" suggested by respondents has, in substance, been previously rejected by this court. In *State, ex rel. Clarke,* v. *Bd. of County Commrs., supra* (141 Ohio St. 16, 18), this court rejected a contention "that county commissioners may exercise discretion in allocating existing or anticipated funds." In *State, ex rel. Motter,* v. *Atkinson, supra* (146 Ohio St. 11, 14), this court rejected as a defense "that there was not enough money to cover relator's request and at the same time keep open and operate all other county offices." In *State, ex rel. Moorehead,* v. *Reed, supra* (177 Ohio St. 4, 5), this court found that "prior appropriations are neither conclusive nor necessarily indicative that a present request for funds is so excessive as to constitute an abuse of discretion." Finally, in *State, ex rel. Foster,* v. *Wittenberg, supra* (16 Ohio St. 2d 89), this court stated that the Board of County Commissioners could not escape its mandatory duty by subsequently appropriating funds which were available and unencumbered when requested by the Juvenile Court Judge.

What was said in 1943 of Section 1639-57, General Code, now R. C. 2151.10, is equally applicable today. In *State, ex rel. Clarke,* v. *Bd. of County Commrs., supra* (141 Ohio St. 16), at pages 18 and 19, it is stated:

"In recent years there has been an increasing solicitude on the part of the state for wayward, unfortunate and neglected children. Through legislative action the Juvenile Court has been made responsible to an important extent for improving the environment and surroundings of these potential citizens and to correct unfavorable conditions besetting them, not only for the advantage of the individual child but for the benefit of the state as well. * * *

"If a Juvenile Court is handicapped in its operation by a lack of funds and personnel, society may be the loser. Doubtless it was to prevent such a contingency that * * * [R. C. 2151.10] was passed * * *."

For the foregoing reasons, the writ of mandamus is allowed.

*Writ allowed.*

SCHNEIDER, HERBERT, STERN, LEACH and BROWN, JJ., concur.

CORRIGAN, J., dissents.

SCHNEIDER, J., concurring. I concur for the additional reason that respondents do not claim: (1) that they do not have unencumbered funds sufficient to meet the demand of relators; (2) that the performance of their duty is impossible (*State, ex rel. Johns,* v. *Bd. of County Commrs.* [1972], 29 Ohio St. 2d 6); or (3) that their performance of duty would entail a collapse of county government (*State, ex rel. Brown,* v. *Bd. of County Commrs.* [1970], 21 Ohio St. 2d 62).

Furthermore, respondents do not contend that the care, detention and rehabilitation of juvenile delinquents is not an exercise of judicial power and that the imposition of the responsibility for such governmental functions may not be constitutionally imposed upon a court or a judicial officer.