JOURNAL ENTRY
 STATEMENT OF THE CASE
On May 25, 2000, Relator filed a Complaint for Writ of Mandamus requesting that this court compel the Columbiana County Commissioners to show cause why they should not be ordered to fund Relator's Probate and Juvenile Court's budget per Relator's yearly appropriation request.
On July 19, 2000, Respondents answered Relator's complaint alleging that the County (Columbiana) would not be able to pay such amounts without shutting down other necessary and mandated offices and services, due to the County's financial and budgetary crisis. Respondents allege that the County's crisis makes Relator's request unreasonable under the circumstances.
On August 8, 2000, Relator filed a Motion for Summary Judgment, and on August 11, 2000, Relator filed a Request for Case Management Schedule requesting an expedited hearing on this matter due to the urgency of the relief sought. On September 25, 2000, Respondent filed their opposition to Relator's Motion for Summary Judgment, Affidavits from the three County Commissioners, Affidavit of the County Auditor, and a deposition transcript of Relator.
On September 29, 2000, Relator submitted depositions of Commissioners Hoppel and DeFazio. Finally, on October 2, 2000, Relator filed a response to Respondent's opposition to Relator's motion for summary judgment. The motion for summary judgment now comes on for decision.
 STATEMENT OF FACTS
On December 28, 1999, Relator had submitted his request setting forth the appropriations for his various operations for the next fiscal year. For the Probate Court he requested $217,300; for the Juvenile Court, $335,200; and for Juvenile Probation, $156,000; for a total budget of $708,500. On December 29, 1999, Respondents allocated a total budget of $435,000. After various meetings, Relator reduced his request by $49,600 to a total of $658,900 and Respondents increased their allocation by $55,482 to a total of $490,842. Subsequent meetings between the parties has been unsuccessful and a budget difference of $168,058 remains.
 ANALYSIS
While being very mindful of the particular financial crisis in Columbiana County, the law as it pertains to these situations is clear.
Under R.C. 2101.11 and 2151.10 mandamus is the proper remedy where Relator believes he has not been provided sufficient funds to operate his courts by Respondents.
In the case of State ex rel. Weaver v. Lake Cty. Bd. of Commrs.
(1991), 62 Ohio St.3d 204, the Ohio Supreme Court discussed this type of situation when it stated:
 "A court of common pleas in this state has the inherent authority to require funding which is reasonable and necessary to the administration of the court's business. State, ex rel. Rudes, v. Rofkar
(1984), 15 Ohio St.3d 69, 71-72, 15 OBR 163, 165, 472 N.E.2d 354, 356. This court has held, time and time again, that it is incumbent upon the legislative authority to provide funds which are reasonable and necessary to operate a court which requests such funding. See, e.g., State, ex rel. Guiliani, v. Perk
(1968), 14 Ohio St.2d 235, 43 O.O.2d 366, 237 N.E.2d 397, and State, ex rel. Arbaugh, v. Richland Cty. Bd. of Commrs. (1984), 14 Ohio St.3d 5, 13 OBR 311, 470 N.E.2d 880. Therefore, a board of county commissioners must provide the funds requested by a court of common pleas unless the board can show that the requested funding is unreasonable and unnecessary. State, ex rel. Britt, v. Bd. of Franklin Cty. Commrs. (1985), 18 Ohio St.3d 1, 2, 18 OBR 1, 2, 480 N.E.2d 77, 78. The burden of proof is clearly upon the party who opposes the requested funding. Id. In effect, it is presumed that a court's request for funding is reasonable and necessary for the proper administration of the court. The purpose of this `presumption' is to maintain and preserve a judicial system and judiciary that are independent and autonomous. Hoose, supra, 58 Ohio St.3d at 221-222, 569 N.E.2d at 1048."
In the Weaver case, the court went on and further discussed the situation where the funding of the court was alleged to cause undue hardship to the County and thus constituted an abuse of discretion by the court due to its funding requests. The court stated in part:
 "Respondents also argue that Lake County cannot afford the juvenile court budget to the extent of the court's January 17, 1990 order. To this end, respondents submitted testimony about the county's declining personal property tax revenues, the county's declining annual carryover balances, and the county's insufficient resources in 1990 to fund county-wide appropriation requests. As respondents acknowledge, however, government hardship may be considered, but is not enough by itself to establish an abuse of discretion in determining the required amount of court funding. State, ex rel. Britt, v. Franklin Cty. Bd. of Commrs. (1985), 18 Ohio St.3d 1, 3-4, 18 OBR 1, 3, 480 N.E.2d 77, 79."
The court continued on to say:
 "In State, ex rel. Foster, v. Wittenberg (1968), 16 Ohio St.2d 89, 91, 45 O.O.2d 442, 444, 242 N.E.2d 884, 885, however, we held that a board of county commissioners cannot escape its mandatory duty to fund the reasonable and necessary expenses of a common pleas court even if the board appropriated such funds to others. We further held that the board cannot use prior appropriations as a defense to a subsequent mandamus action.
 Similarly, in State, ex rel. Moorehead, v. Reed
(1964), 177 Ohio St. 4, 6, 28 O.O.2d 409, 410, 201 N.E.2d 594, 596, we held that the required appropriations must be made even if `there are no unappropriated or unencumbered funds out of which the additional funds could be appropriated, and * * * to comply with * * * [the court's] request would work an undue hardship and burden on other offices and agencies.' Accord, State, ex rel. Clarke, v. Lawrence Cty. Bd. of Commrs. (1943), 141 Ohio St. 16, 25 O.O. 134, 46 N.E.2d 410."
With the foregoing precedent in mind, this court must next consider the merits of Relator's mandamus claim.
In attempting to rebut the presumed reasonableness of Relator's funding request, Respondents are alleging Relator is abusing his discretion by ordering funding which is unreasonable considering the financial condition of the County, and the lack of the financial ability to fund the other necessary and mandated County offices.
In the recent case of State ex rel. Wilke v. Hamilton Cty. Bd. ofCommrs. (2000), 90 Ohio St.3d 55, the Supreme Court defined abuse of discretion as:
 "`Abuse of discretion' implies an unreasonable, arbitrary, or unconscionable attitude. State ex rel. First New Shiloh Baptist Church v. Meagher (1998), 82 Ohio St.3d 501, 503, 696 N.E.2d 1058, 1059-1060. And the reasonableness of a court's request `must be determined only from a consideration of the request in relation to the factual needs of the court for the proper administration of its business.' State ex rel. Milligan v. Freeman (1972) 31 Ohio St.2d 13, 18, 60 O.O. 2d 7, 10, 285 N.E.2d 352, 355, quoting State ex rel. Moorehead v. Reed (1964), 177 Ohio St. 4, 5, 28 O.O.2d 409, 201 N.E.2d 594, 596."
In Exhibit D of Relator's complaint, Relator has attached the minutes of a meeting between the Common Pleas Court Judges and Respondents, whereby Respondents discussed the judges' budget by stating, "I never felt that any of your budgets were out of reason * * *," and, "I have not seen where the court's have requested anything unreasonable or unnecessary at any time at this chair." Relator attempted to respond to the County's budget problems by reducing his appropriation request by $49,600, demonstrating his attempt to submit a reasonable request to Respondents.
Respondents in their answer to Relator's complaint allege that, "the County was faced with a financial crisis, that these were not normal times, and the County would not be able to pay such amounts without completely shutting down other necessary mandated County offices and services." Respondents have submitted no evidence tending to support their allegations. Unsupported conclusions of a petition are not considered admitted. See Adkins v. McFaul (1996), 76 Ohio St.3d 350.
In their answer to Relator's motion for summary judgment, Respondents again raise the defense of "impossibility of performance," citing toState ex rel. Brown v. Bd. of Cty. Commrs. (1970), 21 Ohio St.2d 62. In that case, where payment of the requested funds was for a deficit from the prior fiscal year, there was an agreed statement of facts which disclosed that if the writ was allowed, the operation of the other offices in the County would be curtailed to such an extent as to make it impossible for them to perform their statutory duties. In our case, we have no such agreed statement.
As noted by Relator, this court has previously addressed the "impossibility of performance" issue where it has been claimed that funding of the judicial branch would seriously damage the operations of other county departments in State ex el. Henderson, et al. v. Bd. ofCommrs. of Mahoning Cty. (Feb. 19, 1981), Mahoning Cty. No. 80-CA-131, unreported. The court in that case noted as follows:
 "The respondents' claim that they lack the money to fund these requests without seriously damaging the operations of other county departments does not excuse respondents from fulfilling a mandatory duty. In State ex rel. Foster v. Bd. of Cty. Commrs. (1968), 16 Ohio St.2d 89, the court said:
 `The administration of justice by the judicial branch of the government cannot be impeded by the other branches of the government in the exercise of their respective powers.' Syllabus.
The defense of lack of funds cannot be used to impede the judicial branch in the administration of justice. In Foster, supra, the court said at pg. 91:
 `At the time the request for funds was made by relator (the judge) the monies were neither appropriated nor encumbered. The board had a mandatory duty at that time to comply with relator's request so long as it was reasonable. It cannot escape its duty by appropriating such funds to others, neither can it use such prior appropriation as a defense in an action such as this. It had, and still has, a mandatory duty to comply with relator's request."
See, also, State ex rel. Stacey v. Halverstadt (Oct. 23, 1987), Columbiana Cty. No. 87-C-30, unreported.
Respondent has stated that, "numerous mandated and necessary offices were cut to the bone and beyond simply because there were no funds available for them without totally shutting down numerous departments." In the affidavits of the Commissioners submitted to this court, Respondents have included a "balance worksheet" outlining the fiscal year 2000 appropriations by office or function. Respondents have failed to demonstrate which of these offices are "mandated" by statute which would indicate to this court how much unmandated funds could be transferred to Relator's court operations.
In the August 18, 2000 deposition of Commissioner DeFazio, the Commissioner stated that she had been informed by the County Auditor that an "amended certificate" of additional funds will be issued for approximately 1.2 million dollars, but that no determination has been made as to how that money would be allocated. (DeFazio Depo. at 24). Later, Commissioner DeFazio stated that the county was expecting an additional settlement of $400,000 from Nationwide Insurance, but that money would be going to the Sheriff's Department. (DeFazio Depo. at 36). Respondents have not indicated an intention to provide further funding to Relator.
Respondents have not carried their burden of proof to demonstrate that Relator's funding request was so unreasonable or unnecessary so as to be an abuse of discretion. Respondents have admitted that Relator's request was reasonable and necessary. See Relator's Exhibit D. A government hardship may be considered, but is not enough by itself to establish an abuse of discretion in determining the required amount of court funding. See State ex rel. Britt, supra. Also, the appropriations must be made even if there are no unappropriated or unencumbered funds out of which the additional funds could be appropriated and to comply with the court's request would work an undue hardship and burden on other offices or agencies. See State ex rel. Moorehead, supra.
We note that it has been held that the administration of justice by the judicial branch of government cannot be impeded by other branches (seeState ex rel. Johnston v. Taulbee (1981), 66 Ohio St.2d 417), and the judicial powers include those inherent in the office and necessary to proper conduct of proceedings and court administration (see State ex rel.Edwards v. Murray (1976), 48 Ohio St.2d 303), and the courts have the inherent authority to require of the County Commissioners sufficient funding, if not unreasonable (see State ex rel. Britt v. Franklin Cty.Bd. of Commrs. (1985), 18 Ohio St.3d 1).
Respondents have admitted that Relator's funding request was reasonable and necessary. There has been no showing that Relator abused his discretion. That being the case, Respondents are required to fund Relator's operations even if it requires the return of previously appropriated or encumbered funds, or the shutting down of other unmandated county offices or services.
Rule 56 of the Ohio Rules of Civil Procedure provides that at any time after the expiration of the time permitted in the Rules for Response of Pleading or Motion, or after service of a motion for summary judgment by the adverse party, a party can move, with or without supporting affidavits for summary judgment in his favor. The burden of demonstrating that there is no genuine issue of material fact rests upon the moving party. Harless v. Willis Day Warehousing Co. (1978), 54 Ohio St.2d 64. The non-moving party, however, may not rest upon the mere allegations in its pleadings. The plain language of Rule 56 mandates the entry of summary judgment, after adequate time for discovery, and upon motion against the party who fails to make a sufficient showing to establish the existence of an element essential to that party's case, and on which the party will bear the burden at trial. In such a situation there can be no genuine issue as to any material fact, since the complete failure of proof concerning an essential element of the non-moving party's case renders all other facts immaterial. Celotex Corp. v. Catrett (1986),477 U.S. 317. A motion for summary judgment forces a non-moving party to produce evidence on any issue for which that party bears the burden of production at trial. Wing v. Anchor Media Ltd. of Texas (1991),59 Ohio St.3d 108.
There does not exist any genuine issue as to any material fact alleged by Relator. Clearly he has submitted a necessary and reasonable budget, as admitted by Respondents. Based on the case law cited above, we hold that Relator is entitled to judgment on his motion as a matter of law.
Relator's Motion for Summary Judgment is well taken and granted. Writ to issue directing Respondent to fund Relator's revised budget request for his three operations.
Costs taxed to Respondents. Final Order.
 _____________________ PER CURIAM:
Vukovich, J., concurs.
Donofrio, J., concurs.
Waite, J., concurs.