OPINION
{¶ 1} Plaintiff-appellant, Booker T. Dickason, appeals from the November 2, 2001 Franklin County Court of Common Pleas decision and entry sustaining defendants-appellees' respective motions to dismiss. For the following reasons, we affirm the judgment of the trial court.
{¶ 2} Appellant is an inmate at the Madison Correctional Institution serving a term of eight to 25 years for a 1993 rape conviction. In September 1997, following his conviction and sentence, appellant was adjudicated a sexual predator pursuant to R.C. Chapter 2950. Appellant appealed his sentence and conviction,[1] and the R.C. Chapter 2950 hearing.[2] Each time, the Stark County Court of Appeals affirmed the findings of the trial court.
{¶ 3} On April 12, 2001, appellant filed an action seeking declaratory and injunctive relief against appellees. Appellant alleged that R.C. Chapter 2950 was unconstitutional and sought injunctive relief prohibiting appellees from enforcing the provisions against him. Appellees moved for dismissal pursuant to Civ.R. 12(B)(3), (4), (5), and (6).
{¶ 4} In its decision rendered on November 2, 2001, the trial court sustained appellees' motion to dismiss and dismissed appellant's complaint with prejudice. It is from this entry that appellant appeals, assigning the following five assignments of error:
{¶ 5} "First Assignment of Error
{¶ 6} "The trial court erred to the prejudice of plaintiff-appellant by sustaining the defendant(s) motions to dismiss without declaration towards plaintiff-appellant's claim relative to R.C. § 2950.99.
{¶ 7} "Second Assignment of Error
{¶ 8} "The trial court erred to the prejudice of plaintiff-appellant by sustaining the defendant(s) motions to dismiss without declaration towards plaintiff-appellant's claim relative to R.C. § 2950.02.
{¶ 9} "Third Assignment of Error
{¶ 10} "The trial court erred to the substantial prejudice of plaintiff-appellant by sustaining the defendant(s) motions to dismiss without declaration towards plaintiff-appellant's claim relative to R.C. § 2950.09(C).
{¶ 11} "Fourth Assignment of Error
{¶ 12} "The trial court erred to the prejudice of plaintiff-appellant by sustaining the defendant(s) motions to dismiss without declaration towards the claim that non-existent evidence was used to reach the determination under R.C. § 2950.09(C).
{¶ 13} "Fifth Assignment of Error
{¶ 14} "The trial court erred to the prejudice of plaintiff-appellant by sustaining the defendant(s) motions to dismiss pursuant to Civil Rules 12(B)(3), (4), (5), and (6)."
{¶ 15} The standard of review on motions to dismiss is that the factual allegations of the complaint must be accepted as true, and the complaining party must be afforded all reasonable inferences possibly derived therefrom. Vail v. Plain Dealer Publishing Co. (1995),72 Ohio St.3d 279, 280. Further, it must appear beyond doubt that the nonmoving party can prove no set of facts entitling such party to relief. Id.
{¶ 16} Our standard of review on a Civ.R. 12(B)(6) motion to dismiss is de novo. Greeley v. Miami Valley Maintenance Contrs., Inc. (1990), 49 Ohio St.3d 228, 229. A motion to dismiss for failure to state a claim upon which relief can be granted is procedural and tests the sufficiency of the complaint. State ex rel. Hanson v. Guernsey Cty. Bd. Of Commrs. (1992), 65 Ohio St.3d 545, 548. The court will only look to the complaint to determine whether the allegations are legally sufficient to state a claim. Id. Under a de novo analysis, we must accept all factual allegations in the complaint as true, and all reasonable inferences must be drawn in favor of the nonmoving party. Byrd v. Faber (1991), 57 Ohio St.3d 56, 60.
{¶ 17} "A declaratory judgment action is a civil action and provides a remedy in addition to other legal and equitable remedies available." Aust v. Ohio State Dental Bd. (2000), 136 Ohio App.3d 677,681. "The essential elements for declaratory relief are (1) a real controversy exists between the parties, (2) the controversy is justiciable in character, and (3) speedy relief is necessary to preserve the rights of the parties." Id. "There are only two reasons for dismissing a complaint for declaratory judgment before the court addresses the merits of the case: (1) there is neither a justiciable issue nor an actual controversy between the parties requiring speedy relief to preserve rights which may otherwise be lost or impaired; or (2) in accordance with R.C. 2721.07, the declaratory judgment will not terminate the uncertainty or controversy." Halley v. Ohio Co. (1995),107 Ohio App.3d 518, 524; Therapy Partners of Am., Inc. v. Health Providers, Inc. (1998), 129 Ohio App.3d 572, 578; and Burger Brewing Co. v. Liquor Control Comm. (1973), 34 Ohio St.2d 93. A justiciable issue requires the existence of a legal interest or a right. In Defense of Deer v. Cleveland Metroparks (2000), 138 Ohio App.3d 153. A "controversy" exists for purposes of a declaratory judgment action when there is a genuine dispute between the parties having adverse legal interests. Wagner v. Cleveland (1988), 62 Ohio App.3d 8. Appellant's complaint sought declarations that R.C. Chapter 2950 was unconstitutional because it violated the ex post facto clause and was applied retroactively, was vague, denied him due process and equal protection of the law, and was inconsistent with the separation of powers doctrine.
{¶ 18} In his first assignment of error, appellant contends that the penalty section of R.C. Chapter 2950, R.C. 2950.99, violates the Ohio Constitution's prohibition against retroactive laws and the United States Constitution's ex post facto laws. Appellant argues that, when he was convicted and sentenced in 1993, he was a first time offender. Therefore, according to appellant, R.C. 2950.99 was not applicable to him because he was not a sexual predator under the law at the time or at the present. Appellant specifically argues that R.C. 2950.04 (registration),2950.05 (change of address notification), and 2950.06 (address verification) are unconstitutional as applied to him, because he is not a habitual sexual offender required to follow the registration requirements in the future when he is released from prison.
{¶ 19} The Ohio Supreme Court has held that "the registration and verification provisions are remedial in nature and do not violate the ban on retroactive laws set forth in Section 28, Article II of the Ohio Constitution." State v. Cook (1998), 83 Ohio St.3d 404, 413. The court also held that "the registration and notification provisions of R.C. Chapter 2950 do not violate the Ex Post Facto Clause because its provisions serve the remedial purpose of protecting the public." Id. at 423.
{¶ 20} In addition, this court has previously addressed this issue and held that R.C. Chapter 2950 is neither retroactive nor punitive in its classification, registration, or community notification requirements. State v. Bartis (Dec. 9, 1997), Franklin App. No. 97APA05-600. See, also, State v. Chappell (Feb. 24, 1998), Franklin App. No. 97APA04-543 (R.C. Chapter 2950 does not violate the ex post facto or retroactive laws provisions). Accordingly, appellant has failed to state a claim with respect to his ex post facto and retroactive law arguments. Therefore, appellant's first assignment of error is not well-taken and is overruled.
{¶ 21} In his second assignment of error, appellant contends that R.C. 2950.02 violated the separation of powers doctrine of the Ohio Constitution because the legislature attempted to usurp the authority of the judicial branch of government by binding the trial courts to findings that are arbitrary and unsupported.
{¶ 22} The Ohio Supreme Court, in State v. Thompson (2001),92 Ohio St.3d 584, 586, stated that R.C. 2950.09 does not violate the separation of powers doctrine. The Ohio Supreme Court noted:
{¶ 23} "The separation-of-powers doctrine implicitly arises from our tripartite democratic form of government and recognizes that the executive, legislative, and judicial branches of our government have their own unique powers and duties that are separate and apart from the others. See Zanesville v. Zanesville Tel. Telegraph Co. (1900),63 Ohio St. 442, 59 N.E. 109, paragraph one of the syllabus. The purpose of the separation-of-powers doctrine is to create a system of checks and balances so that each branch maintains its integrity and independence. State v. Hochhausler (1996), 76 Ohio St.3d 455, 463, 668 N.E.2d 457,466, citing S. Euclid v. Jemison (1986), 28 Ohio St.3d 157, 159, 28 OBR 250, 252, 503 N.E.2d 136, 138.
{¶ 24} "* * * The Ohio Constitution prevents the General Assembly from exercising `any judicial power, not herein expressly conferred.' Section 32, Article II, Ohio Constitution.
{¶ 25} "Conversely, courts `possess all powers necessary to secure and safeguard the free and untrammeled exercise of their judicial functions and cannot be directed, controlled or impeded therein by other branches of the government.' State ex rel. Johnston v. Taulbee (1981),66 Ohio St.2d 417, 20 O.O.3d 361, 423 N.E.2d 80, paragraph two of the syllabus, approving and following State ex rel. Foster v. Lucas Cty. Bd. Of Commrs. (1968), 16 Ohio St.2d 89, 45 O.O.2d 442, 242 N.E.2d 884, paragraph two of the syllabus. `It is indisputable that it is a judicial function to hear and determine a controversy between adverse parties, to ascertain the facts, and, applying the law to the facts, to render a final judgment.' Fairview v. Giffee (1905), 73 Ohio St. 183, 190,76 N.E. 865, 867."
{¶ 26} R.C. 2950.02 pertains to legislative findings and public policy considerations. The General Assembly stated that it passed the sexual predator laws in part because sexual predators "pose a high risk of engaging in further offenses even after being released from imprisonment." R.C. 2950.02(A)(2). As the General Assembly had a legitimate reason to enact the sexual predator statute ("to protect the safety and general welfare of the people of this state"), we fail to see how R.C. 2950.02 encroaches on the judicial branch of government. Nothing in R.C. 2950.02 limits the trial court's authority. R.C. 2950.02
provides the General Assembly's declaration concerning its intent in passing the sexual predator law along with a statutory objective of assuring public protection from sex offenses. For the foregoing reasons, appellant has failed to state a claim concerning separation of power. Accordingly, appellant's second assignment of error is not well-taken and is overruled.
{¶ 27} In his third assignment of error, appellant argues that R.C. 2950.09(C) violates the separation-of-powers doctrine by permitting the legislature to improperly allow the trial court to reopen his criminal case and modify his original conviction and sentence by declaring appellant a sexual predator. Appellant contends that, pursuant to R.C. 2953.21, he may initiate the reopening of his case by a motion or petition. Appellant further argues that neither the legislature, nor the Ohio Constitution permits the trial court to reopen his case on its own initiative or by the recommendation of the Department of Rehabilitation and Corrections ("DRC").
{¶ 28} As discussed above, the Ohio Supreme Court previously rejected this argument in Thompson (because R.C. 2950.09 does not encroach upon the trial court, it does not violate the separation of powers doctrine). See, also, State v. Copeland (Dec. 18, 2000), Cuyahoga App. No. 77333; State v. Gibson (Dec. 7. 2000), Cuyahoga App. No. 76875. The provisions of R.C. 2950.09(C) permit the trial court to review a DRC recommendation and require that the trial court schedule a hearing before determining that an offender should be classified as a sexual predator. For the foregoing reasons, appellant has failed to state a claim with respect to his separation of powers argument pertaining to R.C. 2950.09. Accordingly, appellant's third assignment of error is not well-taken and is overruled.
{¶ 29} In his fourth assignment of error, appellant argues that the trial court allowed unchallenged and erroneous facts to be admitted at his R.C. 2950.09(C) hearing. According to appellant, the prosecutor, at the September 17, 1997 R.C. Chapter 2950 hearing, argued that the jury found a force specification in appellant's rape conviction. Appellant further argues that the trial court relied on the prosecutor's evidence in determining that appellant acted with cruelty toward his victim. Appellant contends that R.C. 2950.09(B)(2) is problematic because it permitted the trial court to consider evidence that was irrelevant.
{¶ 30} The doctrines of res judicata and collateral estoppel both operate to preclude the relitigation of points of law or fact that were at issue in a former action between the same parties and was passed upon by a court of competent jurisdiction. Consumers' Counsel v. Pub. Util. Comm. (1985), 16 Ohio St.3d 9. The doctrine of res judicata applies where there has been a final judgment rendered upon the merits, without fraud or collusion, by a court of competent jurisdiction, conclusive of rights, questions, and facts in issue as to the parties and those in privity with them. Quality Ready Mix, Inc. v. Mamone (1988),35 Ohio St.3d 224, 227; Hughes v. Calabrese, 95 Ohio St.3d 334,2002-Ohio-2217, ¶ 12; Trautwein v. Sorgenfrei (1979),58 Ohio St.2d 493, 495. "Res judicata bars the litigation of all claims that either were or might have been litigated in a first lawsuit." Hughes, at ¶ 12, citing Kelm v. Kelm (2001), 92 Ohio St.3d 223,227. "[U]nder the rule of collateral estoppel, even where the cause of action is different in a subsequent suit, a judgment in a prior suit may nevertheless affect the outcome of the second suit." Trautwein, at 495.
{¶ 31} In this case, the Stark County Court of Appeals previously determined the merits of appellant's argument raised in appellant's fourth assignment of error. Therefore, the doctrine of collateral estoppel bars further consideration of appellant's argument, as the judgment of the Stark County Court of Appeals could properly be appealed only to the Ohio Supreme Court. Accordingly, appellant's fourth assignment of error is not well-taken and is overruled.
{¶ 32} In his fifth assignment of error, appellant contends that the trial court erred in granting appellees' Civ.R. 12(B)(6) motion to dismiss. In reviewing appellant's complaint, appellant asserted a violation of R.C. Chapter 2950, but did not assert any facts which would state a claim for such a violation. Based on our foregoing analysis of assignments of error one through four, we conclude that the grant of appellees' Civ.R. 12(B)(6) motion was proper because no real controversy or justiciable issue existed between the parties. Accordingly, the trial court did not err in sustaining appellees' motions to dismiss. Based on the foregoing, appellant's fifth assignment of error is not well-taken and is overruled.
{¶ 33} Further, in his complaint, appellant also alleges that R.C. Chapter 2950 is vague and violates his due process and equal protection rights. However, appellant fails to specifically argue these constitutional violations on appeal. This court recognizes that R.C. Chapter 2950 has consistently been found to be constitutional by the Ohio Supreme Court and that the United States Supreme Court has declined to hear appeals challenging its constitutionality. See State v. Williams (2000), 88 Ohio St.3d 513, certiorari denied, Suffecool v. Ohio (2000),531 U.S. 902, 121 S.Ct. 241 (holding that R.C. 2950.09 was not void-for-vagueness; statute not unconstitutional under due process clause of constitution; statute does not violate guarantees against double jeopardy, or bills of attainder, or the right to equal protection of the laws under both federal and state constitutions; statute also does not violate citizens' rights under Section 1, Article I, Ohio Constitution or the rights to privacy, property, pursuit of an occupation, or a favorable reputation). Based on the authority of Williams, appellant's void-for-vagueness, due process and equal protection arguments are without merit and are not well-taken.
{¶ 34} Finally, appellees Horowitz and Sinclair have filed a motion to strike appellant's affidavit of indigency from the file and a motion to dismiss based upon failure to comply with R.C. 2969.25(A). Appellees' motions are not well-taken, and are thereby overruled.
{¶ 35} For the foregoing reasons, appellant's first, second, third, fourth, and fifth assignments of error are overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.
Motions overruled;
Judgment affirmed.
BOWMAN and BROWN, JJ., concur.
[1] State v. Dickason (Mar. 28, 1994), Stark App. No. CA 9362.
[2] State v. Dickason (Feb. 2, 1999), Stark App. No. 1997CA00370.