The State, ex rel. Hunt, v. Shoemaker, Chief,
Adult Parole Authority.

[Cite as State, ex rel. Hunt, v. Shoemaker (1985), 17 Ohio St. 3d 65.]

(No. 84-1454—Decided May 8, 1985.)

Everett Hunt, Jr., pro se.

Anthony J. Celebrezze, Jr., attorney general, and John C. Stamatakos, for respondent.

Per Curiam. "The writ of mandamus * * * does not lie if performance of the act prayed for is impossible * * *." State, ex rel. Brown, v. Bd. of County Commrs. (1970), 21 Ohio St. 2d 62 [50 O.O.2d 159], syllabus. We therefore cannot order the Parole Board to set a hearing for relator to be held in 1977, even assuming he was entitled to it. Furthermore, since relator was considered for parole in 1981, "[a] writ of mandamus will not issue to compel a public official to perform a legal duty which has been completed." State, ex rel. Breaux, v. Court of Common Pleas (1977), 50 Ohio St. 2d 164 [4 O.O.3d 352].

Relator has likewise failed to establish that he is entitled to more of an explanation for denial of parole than he was given. While Ohio Adm. Code 5120:1-1-11(G)(1) requires the Parole Board to issue "[a] written notice stating the grounds" for refusal of prisoner's parole, we note that in the present case relator only alleges that the notice given "sheds no light" on why the board decided as it did. Relator presents nothing more than this bare allegation. In the absence of a contrary showing, we assume the actions of the Parole Board were taken in compliance with the applicable statutes and administrative regulations. Relator has not proved the board abused its discretion. Consequently, relator has not demonstrated "a clear

legal right'' to the relief he seeks. See *State, ex rel. Heller,* v. *Miller* (1980), 61 Ohio St. 2d 6 [15 O.O.3d 3], paragraph one of the syllabus.

Therefore, the writ of mandamus is denied.

*Writ denied.*

CELEBREZZE, C.J., SWEENEY, LOCHER, HOLMES, C. BROWN, DOUGLAS and WRIGHT, JJ., concur.