DECISION ON MOTIONS FOR SUMMARY JUDGMENT
{¶ 1} Relator, Redan R. Norman, commenced this original action requesting a writ of mandamus ordering respondent Franklin County Court of Common Pleas, to rule on several motions he filed with the court in case No. 98CR-2661. Franklin County Common Pleas Court Judge Crawford answered the complaint and subsequently filed a motion for summary judgment. The motion was supported by an affidavit from Dorothy G. Carnes, a deputy clerk of the Franklin County Clerk of Courts. Relator also filed a motion for summary judgment, but submitted no affidavit or other evidence in support.
 {¶ 2} Pursuant to Civ.R. 53(C) and Loc.R. 12(M) of the Tenth District Court of Appeals, this case was referred to a magistrate of this court to conduct appropriate proceedings. The magistrate has rendered a decision, including findings of fact and conclusions of law, and has recommended that this court grant respondent's motion for summary judgment and deny relator's motion for summary judgment. (Attached as Appendix A.) The magistrate determined that the affidavit of Dorothy G. Carnes conclusively established that respondent performed the action which relator sought to be compeled by filing this action. No objections have been filed to the decision of the magistrate.
 {¶ 3} Finding no error or other defect on the face of the magistrate's decision, pursuant to Civ.R. 53(C), we adopt the decision of the magistrate as our own, including the findings of fact and conclusions of law contained therein. In accordance with the decision of the magistrate, respondent's motion for summary judgment is granted, and relator's motion for summary judgment is denied. The requested writ of mandamus is denied.
Respondent's motion for summary judgment granted; relator'smotion for summary judgment denied; and writ of mandamus denied.
Petree and Sadler, JJ., concur.
 APPENDIX A IN THE COURT OF APPEALS OF OHIO TENTH APPELLATE DISTRICT
[State ex rel.] Redan R. Norman, : Relator, : v. : No. 03AP-780 Franklin County, Ohio, : (REGULAR CALENDAR) Court of Common Pleas, : Respondent. :
 MAGISTRATE'S DECISION Rendered on October 28, 2003 Redan R. Norman, pro se.
Ron O'Brien, Prosecuting Attorney, and Jeffrey L. Glasgow,
for respondent.
 IN MANDAMUS ON MOTIONS FOR SUMMARY JUDGMENT {¶ 4} In this original action, relator, Redan R. Norman, an inmate of the Lebanon Correctional Facility, requests a writ of mandamus ordering respondent, Franklin County Court of Common Pleas, to rule on matters he filed with the court in case number 98CR-2661.
Findings of Fact:
 {¶ 5} 1. On August 1, 2003, relator filed this original action against respondent Franklin County Court of Common Pleas. In his complaint, relator requests that this court issue a writ of mandamus ordering respondent to rule on matters that relator has filed with respondent in case number 98CR-2661.
 {¶ 6} 2. In his complaint, relator states that, on April 24, 2000, he filed a "Writ of Habeas Corpus"; on August 20, 2001, he filed a "Motion for Ineffective Assistance of Counsel"; and on November 15, 2001, he filed a "Motion for Summary Judgment." Attached to the complaint as an exhibit is a document captioned "Motion for Summary Judgment" containing a November 15, 2001 file stamp. The document states that the movant seeks "summary judgment for ineffective assistance of counsel." Thus, the motion for summary judgment filed November 15, 2001, is related to the August 20, 2001 "Motion for Ineffective Assistance of Counsel."
 {¶ 7} 3. On August 27, 2003, the complaint was answered by the Honorable Dale A. Crawford, Judge of the Franklin County Court of Common Pleas ("Judge Crawford").
 {¶ 8} 4. On September 22, 2003, Judge Crawford filed a Civ.R. 56 motion for summary judgment. The motion is supported by an affidavit from Dorothy G. Carnes ("Ms. Carnes"), a deputy clerk of the Franklin County Clerk of Courts.
 {¶ 9} 5. Attached to Ms. Carnes' affidavit is a certified copy of Judge Crawford's entry filed August 27, 2003, in case number 98CR-2661. Judge Crawford's entry states:
It has come to the Court's attention that Defendant's " Motionfor Ineffective Assistance of Counsel" of August 20, 2001 and his "Writ of Habeas Corpus" of April 24, 2000, filed in this case have not been ruled upon. It is the Court's conclusion that neither the "Motion" nor the "Writ" is properly filed in this criminal action.
It is therefore ordered and adjudged that these filings be and they hereby are, dismissed.
(Emphasis sic.)
 {¶ 10} 6. On September 26, 2003, the magistrate issued notice to the parties that respondent's September 22, 2003 motion for summary judgment would be submitted to the magistrate on October 14, 2003.
 {¶ 11} 7. On September 30, 2003, relator, acting pro se, filed a one-page handwritten document captioned "Motion for Summary Judgment." No affidavit or other evidence has been filed in support of relator's motion for summary judgment. Relator's motion for summary judgment complains that respondent has taken "almost two or three years" to rule on the matters complained of in this action.
Conclusions of Law:
 {¶ 12} It is the magistrate's decision that this court grant respondent's motion for summary judgment and deny relator's motion for summary judgment.
 {¶ 13} Summary judgment is appropriate when the movant demonstrates that: (1) there is no genuine issue of material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made, said party being entitled to have the evidence construed most strongly in his favor. Turner v.Turner (1993), 67 Ohio St.3d 337, 339-340; Bostic v. Connor
(1988), 37 Ohio St.3d 144, 146; Harless v. Willis DayWarehousing Co. (1978), 54 Ohio St.2d 64, 66. The moving party bears the burden of proving no genuine issue of material fact exists. Mitseff v. Wheeler (1988), 38 Ohio St.3d 112, 115.
 {¶ 14} The affidavit of Ms. Carnes conclusively shows that respondent has performed the action which relator sought to compel by the filing of this action.
 {¶ 15} Because a writ of mandamus will not lie to compel a public official to perform a legal duty which has been completed,State ex rel. Hunt v. Shoemaker (1985), 17 Ohio St.3d 65, respondent's September 22, 2003 motion for summary judgment must be granted.
 {¶ 16} The magistrate further notes that relator's motion for summary judgment that complains about the delay in respondent's ruling does not detract from the merits of respondent's motion for summary judgment. To the extent that relator has filed a motion for summary judgment, that motion must be denied as lacking merit on its face.
 {¶ 17} Accordingly, it is the magistrate's decision that this court grant respondent's September 22, 2003 motion for summary judgment and deny relator's September 30, 2003 motion for summary judgment.
 /s/ Kenneth W. Macke
KENNETH W. MACKE MAGISTRATE